IRELAND v. WOOLMAN.

---

## Silas Ireland v. John Woolman and others.

*Chancery practice: Affidavit of regularity: Recital in order, effect of: Subsequent purchaser, when to pay costs:* The affidavit of regularity required by chancery rule 92, previous to the taking of a bill as confessed, is for the convenience of the judge only; the rule only requiring that evidence in that form, or some other, should be furnished of the regularity of the proceedings on taking the bill as confessed.

When a recital in a chancery order is not essential to its validity, it may be treated as surplusage.

When a subsequent purchaser is made a party to a foreclosure bill, and contests the amount due upon the mortgage, a decree for costs may be rendered against him, if the mortgaged premises prove insufficient.

*Mortgage premises, in what order sold: Notice of foreclosure sale: Practice in computing amount due.* Where there is nothing on the record to show the propriety of any other disposition, a sale of premises in the inverse order of alienation is proper.

The decree in this case directed that notice of the foreclosure sale be given "according to the course and practice of the court." *Held*, that the practice in this state had become so uniform as to make this direction sufficiently clear to be valid.

The court may dispense with a reference to compute the amount due on a mortgage, and make its own computation, if it sees fit.

*Heard January 9th. Decided January 14th.*

Appeal in Chancery from Cass Circuit.

This was a bill to foreclose a mortgage. The case was heard on the pleadings and proofs, and a decree was made in favor of complainant.

The defendants appealed.

The objections to the decree are stated in the opinion.

*F. Muzzy*, for complainant.

*J. Hollister* and *J. Sullivan*, for defendants.

The decree is erroneous.

1. Because complainant furnished no affidavit of regularity of proceedings. That there is none returned is certain.

The recital in the decree that such an affidavit was furnished, is no proof of the fact. — 10 *Mich.* 265; 6 *Id.* 401.

The decree can not be sustained without such an affidavit. — *Chancery Rules*, 92.

2. No subpœna was ever served on Woolman, nor was any affidavit furnished of his non-residence, nor any order of publication made in the cause. No such affidavit or order is returned.

The recital in the decree or in any interlocutory orders, either of personal service or notice by publication, does not establish the fact. — 10 *Mich.* 265.

Personal service or affidavit of non-residence and proof of order of publication, and compliance with such order, are necessary to confer jurisdiction. — 10 *Mich.* 265.

No decree could properly be made against any of the parties, much less against Woolman, until it was legally taken as confessed by Woolman. — *Harring.* (*Ch.*) 265; 2 *Paige*, 572; 4 *Id.* 122.

If Woolman were an unnecessary party, the cause could not properly be heard until it was either taken as con-

fessed, as to him, or the bill dismissed by order of the court. — 2 *Paige*, 585; 1 *Id.* 548, 559; 5 *Id.* 638.

3. It requires Bilderback, who was merely a grantee under Woolman, to pay the costs of the foreclosure.

4. It contains no directions as to the mode or term of publication, but orders that the Circuit Court Commissioner give public notice of time and place of sale, according to the course and practice of this court.

Such a decree is a nullity, since the court has furnished no rules as to the mode of publishing notice of mortgage sales, or the term of such notice.

The form was probably borrowed from the New York forms, where the statute or rules prescribed the time and place of sale, and the mode and term of notice. — 1 *Barb. Ch. Pr.* 526.

5. No order of reference was made to the Circuit Court Commissioner to compute the amount due on such mortgage.

COOLEY J.

Several objections are taken by the appellants to the decree in this cause, but none of them, we think, well founded.

1. It is objected that no affidavit of the regularity of the proceedings as to the defaulted defendants was presented at the hearing. It is always proper that such an affidavit should be presented, and the rule — *Chancery Rule,* 92 — requires that either in that form, or some other, evidence should be furnished of the regularity of the steps to take the bill as confessed; but this is for the convenience of the judge only, and while the affidavit could not make the proceedings regular if, in fact, they were not, neither does its absence invalidate them, if correct.

2. The default as to Woolman is claimed to be irregular. An inspection of the record furnishes no ground for

this objection except that the recital in the order for default states that he was personally served with subpœna, whereas, in fact, he was brought in by publication as a non-resident. But this error was merely clerical, and as no recital of the kind was essential to the validity of the order, the mis-recital must be treated as surplusage.

3. It is said that the decree for costs against Bilderback was erroneous. Bilderback was a subsequent purchaser from the mortgagor. The mortgagor himself was a non-resident, and did not appear; but Bilderback contested the amount due upon the mortgage, and it was clearly proper that the court should decree costs against him if the mortgaged premises proved insufficient.

4. The decree directs the various parcels of land covered by the mortgage to be sold in the inverse order of their alienation by the mortgagor, whereas it is claimed that one of them is taken out of the operation of the general rule which would require this order of sale, by being specially charged with the payment of the mortgage by the mortgagor's deed conveying it. Without inquiring whether there is anything in the testimony to show this fact, it is sufficient to say that the point is not in any way presented by answer, and was not, therefore, properly before the court below.

5. The decree is objected to, because it directs notice of sale to be given "according to the course and practice of the court;" and it is said that neither the statute nor the rules prescribe the length of such notice. The practice in this state has always been to give notice for the same time and in the same manner as required by sheriffs before sale of real estate on execution; and this is so well understood, that it is not uncommon for decrees to be made in this form. We are not disposed to question the validity of such decrees.

6. It is lastly objected that no reference was made to a Circuit Court Commissioner to compute the amount due

on .the mortgage, but the Circuit Judge computed it himself. A reference in such case is for the relief of the Circuit Judge, and he can dispense with it if he see fit.

The decree must be affirmed, with costs against the appellants.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN Ch. J. did not sit.