## SIBLEY vs. BAKER et al.

A gave B a mortgage on three parcels of land and subsequently a second mortgage on parcels known as parcels one and two of the same lands, and later, a mortgage on parcels two and three to C. B foreclosed the second moragage, making C a party. On the sale, D became the purchaser of parcels one aud two, subject to the first mortgage. On the foreclosure of the first mortgage. *Held,* That parcel number three should be sold first.

Appeal from Eaton Circuit.

*Opinion by* COOLEY, J.—This was a foreclosure case, and the questions relate to the marshalling of securities. The mortgagor first gave a mortgage to complainant on three parcels of land. Afterwards he gave a second mortgage to complainant on parcels known as one and two; later a third mortgage to defendant Winchester on parcels two and three. Complainant foreclosed the second mortgage making Winchester a party, and the decree which he obtained directed that parcel two, for Winchester's protection, should be sold last. The sale was made and the defendant Isbell became the purchaser of both pieces for a sum in the aggregate equalling the amount due upon the decree, taking them subject to the first mortgage. The present suit was brought for the foreclosure of the first mortgage, and in this it is shown that defendant Isbell has become the purchaser of complainant's interest in parcels one and two, but on the understanding that when sale is made on the foreclosure of this mortgage, parcel three shall be sold first.— The question was whether the decree should be in accordance with this understanding or whether defendant Winchester has not a right to demand that that the first parcel sold shall be parcel one.— The Circuit Court held that he had.

Complainant while holding the first and second mortgages had a right to have the latter protected on a foreclosure of the former, and the mortgagee must have had the right to have parcel three sold first since as the second mortgage only covered parcels one and two, if those were sold for the satisfaction of the first mortgage and enough should be raised from them, the effect would be that the second mortgage would be cut off. The giving of the third mortgage

did not affect this question, and the third parcel must have remained the primary fund for the satisfaction of the first mortgage. A purchaser on the foreclosure of the second mortgage has a right to be protected in his purchase.  Defendant Winchester must have understood this when he took the mortgage on the third parcel.— The same conclusion is reached by the application of the rule of inverse order of alienation.

It was argued for defendant Winchester that he had never until now had an opportunity to protect his interest in parcel three, because had he bid at the sale under the prior foreclosure a sum greater than the amount due on the decree, it must have been paid over to the mortgagor, and consequently would have been of no avail in reducing the securities.  *Held*, that this was a mistake.— Any surplus must have been paid into Court, and would have been applied on one of the securities on the proper petition.

It was part of the arrangement when Isbell bought, that the third parcel should be sold first.  The decree of the Circuit Court was accordingly ordered modified.  The costs of Isbell were ordered taxed and added to the amount for which sale will be made under the decree.

---

## HASKELL *et al. vs.* HUNTER *et al.*

Error to Ionia Circuit.

*Opinion by* COOLEY, J.—*Held*, That the Circuit Court erred in directing the jury to deduct the 18,200 feet of lumber received by the plaintiffs from the whole amount to be delivered, when they entered upon the computation of damages.  The effect was to prevent the plaintiffs from recovering in respect to this portion of the timber as if it had been delivered in compliance with the contract, and accepted by the plaintiffs in satisfaction of the undertaking of the defendants to that extent.  But the record shows that it was not delivered as agreed, and that the plaintiffs were subjected to a heavy bill for freight in consequence ; and there is nothing to show that there has been any waiver by the plaintiffs of their right to be