MARY SCOGGINS v. WILLIAM SCOGGINS.

*Divorce—Alimony—Custody of Children.*

1. Where the complaint of a *feme* plaintiff seeking a divorce alleges facts which, if believed, entitle her to the relief demanded, and is sup

plemented by an affidavit that the husband is trying to dispose of his property and has offered his land for sale with the avowed purpose of leaving the state, and that the children are small and need the mother's care; it is proper to grant an order for alimony *pendente lite*, without reference to the time when the facts relied on as grounds for the divorce occurred.

2. In such a case it is also competent for the court to award to the mother the custody of the younger children.

(*Gaylord* v. *Gaylord*, 4 Jones Eq., 74, cited and approved.)

CIVIL ACTION for Divorce *a mensa et thoro* heard on motion in the cause at Spring Term, 1878, of RUTHERFORD Superior Court, before *Cox, J.*

This was a motion by the plaintiff at the appearance term for alimony *pendente lite* and for the custody of the children of the marriage. The alleged cause of divorce was cruel treatment on the part of the defendant, the complaint setting out the nature of and specifying the occasions when the several acts of cruelty were perpetrated; notably that on or about the last of January or first of February last, one of the children of the parties was seriously ill, needing the attention of both parents, and while it was in this low state of health, from which it soon died, the defendant was drinking and abusing the plaintiff and threatening her life, and on a certain night ordered persons who were visiting the sick child to leave the house, and also ordered the plaintiff to leave. Being greatly alarmed and fearing her life would be taken, she went to her father's on that night.

The plaintiff's affidavit states that some of the facts complained of have existed more than six months before suit brought, and that defendant "is trying to dispose of his property for the purpose of leaving the state, and has offered his land for sale, avowing his intention to leave the state," and that the children were small and needed her care. It also appeared by the affidavit of Wade Hill, the father of plaintiff, that she was without means to support herself or

to defray the expenses of this action, and that defendant was the owner of a tract of land of the value of one thousand one hundred dollars, subject to a mortgage of about two hundred dollars, and also owned horses, cattle and other stock.

Thereupon His Honor found the following: That the complaint set forth facts which, if true, were sufficient to entitle the plaintiff to the relief demanded; that plaintiff has not sufficient means for support during the prosecution of the action and to defray the necessary expenses thereof; that defendant owned a tract of land worth $1,000, and personal property worth $300, and that his income was $225 or more; and adjudged that defendant pay to plaintiff seventy-five dollars a year as alimony, and awarded the custody of the three youngest children, girls, to the plaintiff, and of the oldest child, boy, to the defendant. From which judgment the defendant appealed.

No counsel for plaintiff.
Messrs. Hoke & Son and J. C. L. Harriss, for defendant.

Ashe, J. In an action for divorce where the wife applies for alimony out of the estate of her husband *pendente lite*, the court can look only to the complaint, and will make the allowance when the facts set forth in it are sufficient to warrant the judgment of divorce.

One of the requirements of the statute empowering the courts to decree a divorce either *a vinculo matrimonii* or *a mensa et thoro*, is that it should be stated in the affidavit of the plaintiff filed with the complaint, that the facts set forth in the complaint, as grounds for divorce, have existed to her knowledge at least six months prior to the filing thereof. But there is an exception to this requirement whenever it is averred that the husband is then removing or about removing his property from the state. In such a case, to

prevent her from being defeated of her alimony, the statute allows her to file her complaint without regard to the time when the facts alleged as cause of divorce may have occurred. Bat. Rev., ch. 37, § 6. *Gaylord* v. *Gaylord*, 4 Jones. Eq., 74.

In the 10th section of chapter 37 of Battle's Revisal, it is provided that if any married woman shall apply to a court for a divorce from the bonds of matrimony or from bed and board with her husband, and shall set forth in her complaint such facts as, if true, will entitle her to the relief demanded, and it shall appear to such court, either in or out of term, by the affidavit of complainant or other proof, that she has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary and proper expenses thereof, the judge may order her husband. to pay her such alimony during the pendency of the suit as shall appear to him just and proper, having regard to the circumstances of the parties.

The fact stated in the complaint that the defendant "is. trying to dispose of his property for the purpose of leaving the state, and that he has offered his land for sale, avowing his intention to leave the state," brings this case within the exception, and the plaintiff may rely upon the facts set forth as having occurred within the six months before filing the complaint as grounds for the relief demanded therein. And while the facts set forth as existing more than six months before the filing of the complaint are too general and indefinite, we are of opinion that those alleged to have occurred about the last of January or the first of February, are sufficient, if true, to warrant a decree of divorce *a mensa et thoro;* and the plaintiff having proved by the affidavit of Wade Hill that she has no means with which to support herself during the prosecution of her action and to defray the necessary and proper expenses thereof, we think that the law in this behalf has been fully complied with, and that

plaintiff is entitled to alimony. We are further of the opinion that it was perfectly competent for His Honor to dispose of the children of the marriage as he did.

No Error.　　　　　　　　　　　　　　　　Affirmed.