MARY SCOGGINS v. WILLIAM SCOGGINS.

*Divorce and Alimony.*

4. Where a wife alleges sufficient facts for a separation from bed and board, and also to obtain alimony makes the necessary affidavit

under Bat. Rev. ch. 37 § 6, in reference to the husband's removal of his property from the state ; *Held* that it is not necessary, in order to get a decree for such separation, to file another complaint six months after the time the facts (upon which alone the decree could be made) are alleged to have occurred.

2. Where in such case it is alleged and the jury find, that a drunken husband cursed his wife and drove her from his house, and by demonstrations of violence caused her to leave the bed-side of a dying child and seek safety and protection at a distance of several miles, a decree *a mensa et thoro* was properly granted. Act 1871- '72 ch. 193 § 36 ; Bat. Rev. ch. 37.

(*Scoggins* v. *Scoggins*, 80 N. C. 318 ; *Gaylord* v. *Gaylord*, 4 Jones Eq. 74, cited and approved.)

CIVIL ACTION for divorce, *a mensa et thoro*, tried at Fall Term, 1880, of RUTHERFORD Superior Court, before *Seymour, J.*

The summons was issued on the 26th day of February, 1878. The plaintiff alleged numerous instances of cruel and barbarous treatment, endangering her life, and repeated indignities offered to her person, rendering her life burdensome and her condition intolerable, occurring during their married life, without stating the time, place, or circumstances. But the petition further alleged that about the last of January or first of February preceding the commencement of this action, the parties had a child at home quite sick, needing greatly the attention of both its parents, and while the child was in this low state of health from which it soon thereafter died, the defendant was drinking a good deal and abusing plaintiff, and threatening her life, and on one night about this time, he was drinking and as usual abusing the plaintiff, and ordered every person from the house who could protect her, there being several persons visiting the sick child, and abused and cursed her, threatening her life and finally told her she must leave, that he wished she was dead and in hell. He told her that she must leave that night or the next morning. That being greatly alarmed

and fearing that her life would be taken, she waited until late in the night, and until the defendant had fallen asleep, and then in the darkness accompanied by a nephew she left her little children, and her little dying boy, and sought safety in her father's house several miles away, verily believing that if she remained her life would be taken. No consideration except to seek safety from a violent death would have induced her to leave at that time and under the circumstances.

The defendant answered the complaint substantially denying the allegations thereof, and thereupon the following issues were submitted to the jury:

1. Did the defendant on a certain night in January or February, 1878, maliciously turn plaintiff out of doors?

2. Did defendant on a certain night in January or February, 1878, while a child of the parties was at home sick, and needing attention, (from which sickness it soon after died) get drunk and abuse plaintiff, threaten her life, and order every person from the house who could protect her; swear at her and order her to leave his house? and did plaintiff by reason of fear of personal violence, and of fear that her life was in danger, caused by such threats in the same night, leave defendant's house and take refuge with her father?

The defendants objected to the issues submitted on the ground that the transactions of January or February, 1878, did not occur six months before the beginning of the action. The objection was overruled.

The defendants asked the court to charge the jury that the facts in the case were insufficient to constitute ground for a divorce. His Honor refused to give the charge.

The jury responded to both of the issues in the affirmative, and thereupon the court adjudged and decreed that the plaintiff be separated from the bed and board of the defendant and be allowed alimony, &c., from which judgment the defendant appealed.

Mr. D. G. Fowle, for plaintiff.
Mr. J. F. Hoke, for defendant.

ASHE, J.   The only questions presented by the record are
these :

1. That the transactions alleged to have occurred in Jan-
uary or February, 1878, did not occur within six months
before the commencement of this action ; and,

2. That the facts are insufficient to constitute ground for
divorce.

As to the first exception, it is provided in Bat. Rev., ch.
37, § 6, that the plaintiff shall also set forth in such affi-
davit, either that the facts set forth in the complaint, as
grounds for divorce, have existed to his or her knowledge
at least six months prior to the filing of the complaint, or if
the wife be the plaintiff, that the husband is removing or
about to remove his property and effects from the state,
whereby she may be disappointed in her alimony.

This section has been the subject of construction by two
of the decisions of the court, viz : Scoggins v. Scoggins, 80 N.
C., 318, and Gaylord v. Gaylord, 4 Jones Eq., 74. In the
last case Judge BATTLE, who spoke for the court, said : "The
act certainly requires that in ordinary cases the facts upon
which the petitioner founds her claim to relief, shall have
existed to her knowledge at least six months prior to the
filing of the petition, and the seventh section of the act ex-
pressly enacts that she shall so state and swear. But the
eighth section makes an exception to this, whenever ' the
husband is then removing or about to remove his effects
from the state.' In such a case the wife may exhibit her
petition at any time, and if she shall state and swear ' that
she doth verily believe that she is entitled to alimony, and
that by delaying her suit she will be disappointed of the
same, by the removal of her husband's property and effects
from the state,' any judge may thereupon make an order of

sequestration or otherwise as the purposes of justice may seem to require." And in the conclusion of the opinion the judge adds : " There is nothing in this or any other section of the act which indicates a necessity that she should file another bill, or a supplemental bill, after the expiration of six months from the time when the facts which entitled her to relief occurred."

The sections seven and eight referred to by Judge BAT-TLE in his opinion, are sections of chapter 39 of the Revised Code which have been brought forward, condensed, and incorporated in section 6, chapter 37, of Battle's Revisal, with some slight change in phraseology but none in substance. We think the plaintiff has brought her case clearly within the exception, and was not required to file another petition after six months from the time the facts are alleged to have occurred in January or February, 1878, and was entitled to a decree of separation, if the transactions then occurring were sufficient to warrant the court in making such a decree. And this brings us to the consideration of the second exception.

2. This case was before us heretofore on the question of alimony (*Scoggins* v. *Scoggins, supra*) and we then held that the facts alleged in the complaint to have occurred in January and February, 1878, if true, were sufficient to warrant the court in decreeing a separation from " bed and board." The jury in this case have found them to be true, and we see no reason for changing the opinion then expressed.

The conduct of the defendant was certainly very bad ; it was unfeeling and especially cruel under the circumstances. While his child is in a dying condition, needing all of a mother's tender ministrations and sympathy, and while friends were on a visit to the house to assist his wife in nursing his sick one, and who might have given the plaintiff protection against his threatened violence, he drove them from his house, cursed the plaintiff, wished her in

h—ll, threatened to kill her, and ordered her to leave his house. The demonstration of violence displayed by the defendant must have been *very serious* to have inspired the mother with such an alarm for safety as to induce her to abandon the bed-side of her dying child, and travel several miles away in the night to seek for shelter and protection.

We think the facts alleged and found by the jury bring the plaintiff's case within the provisions of the act of 1871–'2, ch. 193, § 36.

There is no error. The judgment of the court below must be affirmed. Let this be certified, &c.

No error.                                    Affirmed.