## *In re* Gladys Morgan.

### In Banc, June 27, 1893.

1. **Divorce:** CUSTODY OF CHILDREN: JURISDICTON.  Under Revised Statutes, 1889, section 4505, which provides that "when a divorce shall be adjudged the court shall make such order touching the care, custody and maintenance of the children as shall be reasonable," the trial court has power to make orders concerning the custody of the children *pendente lite*, and this is true though the pleadings contain no prayer relating thereto.

2. **Jurisdiction, Priority of:** HABEAS CORPUS.  The general rule is that where one court has acquired jurisdiction over the parties and subject-matter of the suit, other courts will not interfere by the writ of *habeas corpus* while the suit is pending and undetermined.

3. ———: ———: CUSTODY OF CHILDREN.  Where a court having jurisdiction of the parties in a divorce suit has the further power to award the custody of the children to the party entitled thereto, the question of the right to such custody will not be determined on a writ of *habeas corpus* by another court, but the parties will be remitted to the court in which the divorce suit is pending for directions as to the custody of the children pending suit.

### *Habeas Corpus.*

WRIT DENIED.

*Edmond A. B. Garesche* for relator.

(1) This is not a proceeding to determine the question of the guardianship of this child, but one

touching her custody, and is prosecuted before this court under the express authority of the statute. Revised Statutes, 1889, sec. 5415; *Re Laura Doyle*, 16 Mo. App. 159. Were it a proceeding to adjudge the guardianship of the child, the probate court alone, and not the circuit court, as is contended by respondent's counsel, would have the right to determine it. Revised Statutes, 1889, sec. 5281. (2) The mere pendency of divorce proceeding between this respondent and the relator, did not give the circuit court exclusive, nor even concurrent, jurisdiction with the court of appeals or with this court to determine the question of this child's custody. *First*, because the custody was not prayed for in that proceeding pending in the circuit court by either the relator herein, plaintiff therein, or by the respondent, the defendant therein. *Coke v. Hamlin*, 39 Miss. 424; 2 Bishop on Marriage, Divorce and Separation, sec. 1184. *Second*, because the jurisdiction of the circuit court in such cases is purely statutory, and the statute limits its right to award the custody only upon a final decree. Revised Statutes, 1889, sec. 4505. *Third*, because the child as averred in the return is in the state of New York. Cooley's Constitutional Limitations [6 Ed.], p. 449; *Kline v. Kline*, 57 Iowa, 387; 2 Bishop on Marriage and Divorce and Separation, sec. 1189; Hawe's Jurisdiction of Courts, sec. 105; *Barker v. Dayton*, 28 Wis. 367; *Hopkins v. Hopkins*, 39 Wis. 167. *Fourth.* Because if the best interests of the child demanded it, its custody could not in that form of proceeding be given in a third person. *In re Bort*, 25 Kan. 310; *Hopkins v. Hopkins*, 39 Wis. 167. (3) None of the prior proceedings pending between these parties for the possession of this child were heard upon their merits, but went off simply upon pleas to the jurisdiction, and consequently cannot now be urged as *res adjudicata* against relator's

In re Gladys Morgan.

right to the custody of this child. There was no release from the alleged imprisonment complained of, but the discharge of respondent for want of jurisdiction in the court, amounted to a denial of the relief prayed for. *Weir v. Marley*, 99 Mo. 490; *Re Laura Doyle*, 16 Mo. App. 159; Hurd on Habeas Corpus [2 Ed.], pp. 573, 575, 576; Church on Habeas Corpus, sec. 386. (4) The father's legal right to the custody of his child, while *prima facie*, has, in this country, at least, long been held to be subservient to the child's best interest. And where, as in this case, it is alleged that his moral character is such that he should not have its custody, the court's duty is to place it in other custody. Church on Habeas Corpus, sec. 430. (5) As between a mother and a third person, her right is paramount. Even outside of her allegation "that the grandmother and father are not proper persons to have the custody of this child," as between them and her she has the best right, and one which the court have uniformly upheld. Church on Habeas Corpus, sec. 443, p. 579; *Armstrong v. Stone*, 9 Gratt. 102.

*Lionberger & Shepley* for respondent.

(1) The child is now, and for four months has been, in the state of New York. She was not removed from this state for the purpose of avoiding the process or jurisdiction of its courts. She is not restrained of her liberty within this state. This court, therefore, has not jurisdiction to require her to be produced here and surrendered to the relator or any other person. Revised Statutes 1889, secs. 5345, 5394, 3496, 5352, 5353; *Re Jackson*, 15 Mich. 417; Story on Conflict of Laws, [8 Ed.] pp. 22, 29, 31, 35; *Woodworth v. Spring*, 4 Allen, 321; *Roterdeau v. Rous*, 1 Atkinson, 544; *Daulson v. Matthews*, 4 Term Reports, 503; *Rex v. Cowle*, Burr.

835; *Railroad v. Railroad*, 15 How. 242; Cooley, Constitutional Limitations [6 Ed.], p. 499. (2) The probate court, or the circuit court of the city of St. Louis, where the suit for divorce is pending between relator and respondent, has exclusive jurisdiction to adjudge the guardianship of the child; and if the welfare of the child requires the immediate intervention of a court on its behalf, resort ought to be had in the first instance to said circuit court. Revised Statutes 1889, secs. 5281, 4505; *Re Delano*, 37 Mo. App. 185; *Williams v. Williams*, 13 Ind. 523; *Re Laura Doyle*, 16 Mo. App. 159; *People v. Mercein*, 8 Paige, 55, 56. (3) The judgment of the circuit court of the city of St. Louis, rendered on the sixth day of January, 1893, awarding the custody of the child to the respondent, is *res judicata*, and properly pleadable in bar of this proceeding, the parties being the same, no new facts having transpired, and all parties being in the situation they then were in. *Mercein v. People*, 24 Wend. 98; cited and approved *Weir v. Marley*, 99 Mo. 490; Freeman on Judgments [4 Ed.], sec. 324. (4) The respondent, as father of the child, is its legal guardian. He has transferred its custody to his parents in New York. It is not alleged that the grandparents are improper persons to have charge of the child, or that its welfare requires the intervention of this court. The court ought not, therefore, to interfere with his paternal authority, until in a proper proceeding he and his parents be adjudged unfit. Revised Statutes 1889, sec. 5279; Church on Habeas Corpus, secs. 441, 443; *Mercein v. People*, 24 Wend. 98. (5) The child, Gladys Morgan, is not within the power or control of the respondent, and therefore he ought not to be required to produce her. Revised Statutes, secs. 5350, 5352, 5353, 5360. (6) It is not necessary to produce the body of the child with the return to the writ, in advance of an adjudica-

tion of the questions of law involved. Revised Statutes, secs. 5263, 5262.

BLACK, C. J.—On the sixth of February, 1893, the petitioner, Mary E. Morgan, sued out of this court a writ of *habeas corpus* to obtain possession of her child between three and four years of age, then in the custody of Harry E. Morgan, the father of the child and husband of the plaintiff. The defendant made return to the writ, setting up various matters, some of which are admitted and others denied. Two of these issues go to the jurisdiction of this court. As to these issues the parties have agreed upon the facts, and they present the only questions now before us for consideration.

The agreed facts are:

"*First.* It is admitted that the child Gladys Morgan was on the eighteenth day of October, 1892, removed by respondent, her father, to the city and state of New York, where she now is and was at the time of the issuance and service of the writ issued in this case; but in this connection it is also admitted that the respondent has not at any time forfeited or given up his parental power of control over the said Gladys Morgan and could, and still can, in obedience to the command of the writ if so ordered by the court, and if sufficient time be given for that purpose, produce the said child before this court.

"*Second.* That divorce proceedings are pending in the circuit court of the city of St. Louis, at the instance of relator against respondent, but that the custody of the said Gladys Morgan has not been asked or prayed for in said proceeding by either the relator or respondent."

The first inquiry is, whether the circuit court has jurisdiction in the pending divorce suit to award

custody of the child to the party entitled thereto, having due regard to its welfare.

Section 4505, Revised Statutes 1889, provides: "When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable," etc.

That the statute gives the circuit court the power to award the custody of a child to either of the parties to the divorce suit cannot be doubted and is not questioned. But it is suggested here that this jurisdiction is purely statutory, and by the statute the circuit court can only make such award upon a final decree, and hence has no power to make any order for the custody of a child while the suit is pending. This contention is not well taken. It is true the circuit court acquires its jurisdiction in divorce suits by force of the statutes; but it is to be observed that this jurisdiction is two fold. The divorce and alimony part of this jurisdiction belonged to the ecclesiastical courts in former times in England; and the power to make awards as to the custody of children is a part of the ancient chancery jurisdiction. The circuit court exercising ecclesiastical powers in divorce proceedings is governed, as to the substantial rights of the parties, by the common-law practice in such cases, except as modified by statute law. *State ex rel. v. St. Louis Court of Appeals*, 99 Mo. 216, and cases cited. And in like manner the circuit court in administering this particular chancery jurisdiction granted by the statute will be guided by chancery practice, except as modified by the statute. While the statute does not in terms say the circuit court shall have power to make *ad interim* orders concerning the custody of children, still the general power granted by

the statute carries with it the power to make such temporary orders. *Scoggins v. Scoggins*, 80 N. C. 318. Statutes like the one in question exist in many, if not most, of the states; and it is generally held that they give the court ample power to make orders concerning the custody of children while the suit is pending. Indeed the cases go much further and hold that the court has the power to modify the final decree as to custody of children from time to time as circumstances change. 2 Bishop on Marriage, Divorce and Separation secs. 1183 and 1187. The procedure in such cases is analogous to that concerning an application for and allowance of alimony. *Ib.* 1206.

It is again urged that the pendency of the divorce suit in the circuit court does not give that court jurisdiction to determine the question as to the custody of the child, because of the agreed fact that custody of the child is not prayed for in the pleadings by either party in that suit. The answer to this is that jurisdiction of the parties to that suit carries with it the incidental power to make an award as to the custody of the child. The petitioner here, who is the plaintiff there, can apply for an order whenever she sees fit to do so; and that court can on the final hearing of that case make a proper disposition of the child, though the petition contains no prayer therefor. A decree of divorce would necessarily affect the welfare of the child, and it is the duty of the court to protect it, and hence it is that the court can make a proper order concerning its future custody though the petition contains no prayer to that end. 10 N. J. Eq. 261.

The real and in fact the only object of this writ is to have settled the question as to which of the parties shall have the custody of this child; and it follows from what has been said that the circuit court has full and complete power to settle that question in the pend-

ing divorce suit.   The general rule is that, where one court has acquired jurisdiction over the parties and subject-matter of the suit, other courts will not interfere by the writ of *habeas corpus*, while the suit is pending and undetermined.  Church on Habeas Corpus, sec. 265.   If a court having jurisdiction of the parties in a divorce suit has the further power to award the custody of children to the party entitled thereto, the question as to such custody will not be adjudged on a writ of *habeas corpus* by another court, but the parties will be remitted to the court in which the divorce suit is pending for directions as to the custody of the children pending that suit.   *In the Matter of DeAngelis*, 1 Edmonds' Select Cases, 476; 2 Bishop on Marriage, Divorce and Separation, sec. 1184.   While Mr. Bishop says the rule is not quite so clear when there has been no order for the temporary custody of the child, still we hold that the rule as above stated is the true one, even where no such temporary order has been made. This proceeding should therefore be dismissed and the parties remitted to the circuit court for proper orders as to the custody of the child pending the divorce suit.

There is nothing in section 5415 of the *habeas corpus* act which calls for any different result.   It is there provided, in effect, that in all proceedings on *habeas corpus*, between husband and wife for the custody of their children, the court may award the custody to the complainant or other guardian, as shall be deemed best; and the order shall remain in force during any period which shall be fixed by the court, within the minority of the child.   This section is general, and does not in the least interfere with the jurisdiction and powers of the circuit court to make such orders in divorce suits.   That power remains unaffected by the *habeas corpus* act.

In re Gladys Morgan.

As we hold this court ought not to take jurisdiction of this application, it is not necessary to speak of the question presented by the first of the agreed facts. Writ denied. BARCLAY and SHERWOOD, JJ., dissent. The other judges concur.

BARCLAY, J. *(dissenting).*—We do not concur in the opinion of the learned chief justice to the effect that the supreme court cannot properly entertain the present proceeding.

1. The fact that the child is not within the state does not of itself prevent the court from adjudicating its custody. The father has been personally served with the writ within the local jurisdiction. He has control of the body of the child. Its detention or restraint (referred to in the *habeas corpus* act) is hence committed "within this state," where the person is found who so detains or restrains it, though the child may be outside the territorial limits of the state at present.

It is unnecessary to enlarge upon this point, for there is no difference in the court concerning it. *Rivers v. Mitchell* (1881), 57 Iowa, 193; *Reg. v. Barnardo* (1889), 23 Q. B. D. 305.

2. It is next claimed that the supreme court cannot properly act because the circuit court in the divorce suit has jurisdiction to dispose of the custody of the child, as explained in the prevailing opinion here.

By the statute defining the power of the trial court and regulating the procedure in civil actions for divorce (R. S., 1889, sec. 4505), "the care, custody and maintenance of the children or any of them," as well as the matter of alimony of the wife, may be the subjects of orders, when the divorce "shall be *adjudged;*" and the court is further authorized to

"decree *alimony pending the suit* for divorce in all cases where the same would be just," etc. But no such power to dispose of the custody of children before the decree, pending the suit, is conferred.

If the statute were entirely silent on the subject of the court's power during the early stages of the action, the case at bar would bear a more favorable aspect for defendant than it now presents. But where the law expressly grants authority to act provisionally on the subject of alimony, and in the same section declares that the custody of the children may be dealt with by the final adjudication of divorce, we are confronted with a very plain exhibition of legislative intent.

Whatever may be the origin of the jurisdiction in suits of divorce (as to which it seems unnecessary now to inquire), we are firmly of the opinion that in so far as the statute law defines and regulates the exercise of the jurisdiction, that law must be observed and followed. *Stokes v. Stokes* (1823), 1 Mo. 320; *Doyle v. Doyle* (1858), 26 Mo. 545. Where power is granted to deal with two subjects, alimony and custody of children, by final decree, and in the same connection it is declared that one of those subjects, alimony, may be acted upon pending the suit, it must certainly be held that the power to deal with the other subject prior to an adjudication of divorce, was not designed by the statute to be conferred.

The expression of the subject of alimony evidently amounts to an exclusion of the other topic of the custody of the children, with reference to the exercise of jurisdiction by the court during the pendency of the suit and before the decree. We consider the terms of the section in question as calling for the application of the useful rule of statutory interpretation, that the express mention of one thing implies the exclusion of

In re Gladys Morgan.

another (Broom's Leg. Max. (1882) [8 Am. Ed.] p. 651), in order that the intent, obviously embodied in the legislative language, may be given effect.

If these positions are correct, it follows that the circuit court cannot at the present time, in the divorce case, determine the proper custody of the child; hence, its jurisdiction of that subject cannot be rightly regarded, from any point of view, as concurrent with the jurisdiction of the supreme court upon the writ of *habeas corpus*.

3. But, assuming for the moment that the circuit court has power, during the divorce suit, to act upon the subject-matter of the custody of the child, does that fact warrant a denial of the writ because of any principle of law governing the action of courts of co-ordinate jurisdiction?

The power of a circuit court in respect of the custody of a child, in a suit to which only the parents are parties, cannot rightly be considered co-ordinate with that of the supreme court on this extraordinary writ. The latter jurisdiction is different in nature from the former, and is far more comprehensive. It is a superior, original, summary and supervisory jurisdiction, conferred by the constitution. Moreover, it extends to such disposition of the child as the court may consider the welfare of the former demands. Revised Statutes, 1889, sec. 5415. The court on this writ may pass by both parents and award the custody to a third person, unconnected with the proceeding. It is not limited to a consideration of the equities of the parents as parties litigant in a suit between them.

But, further, even if the two jurisdictions be regarded as co-ordinate, that of the circuit court has not yet been invoked. Neither party in the divorce suit has therein asked for the custody of the child, nor has the court in any manner acted in regard thereto.

The jurisdiction of the circuit court to determine the custody may, indeed, exist, but, not having been called into play by anyone, it should not be considered to stand in the way of action by another court having authority over that particular subject, when properly appealed to.

As was remarked by the supreme court of the United States in a leading precedent on this branch of the law, where "the relief sought is different, and the mode of proceeding is different, the jurisdiction of neither court is affected by the proceeding in the other." *Buck v. Colbath* (1865), 3 Wall. 334. For stronger reason does that ruling apply when the objection to action by the supreme court of the state on *habeas corpus* is that the circuit court may, if hereafter requested, determine the subject of the custody of the child, as between its parents, though as yet neither of them, by the pleadings or otherwise, has called upon that court to take any action whatever thereon.

It seems to us, with due respect, a novel idea that this court should abrogate its power to administer justice on a particular topic because some other court (assuming it to have like power in the premises) may possibly in the future conclude to move in the matter, though it has not yet been called upon, or seen fit to do so. We conclude that it is the duty of this court to entertain and pass upon the merits of the present proceeding.

Hence this dissent to the ruling of our learned brethren to the contrary. SHERWOOD, J., joins in this opinion.