# CHARLES MEIERHOFFER v. WALTER J. KENNEDY and GODFREY SWENSON, Appellants.

### Division One, June 10, 1924.

1. **JUDGMENT: Collateral Attack: Cause of Action.** Where a court of appeals has jurisdiction of the subject-matter and of the class of cases to which the particular case belongs, its affirmance of the judgment against defendant and its decision that the petition stated facts sufficient to constitute a cause of action is a final judgment, and forecloses any consideration of an averment in the answer to plaintiff's suit on the appeal bond that said petition did not state sufficient facts to authorize the original judgment. A mere failure of a petition to state facts sufficient to constitute a cause of action does not render void the judgment of a court which has jurisdiction of the general subject-matter and the class of cases to which the particular case belongs, but the judgment on such question if wrong is only error, and is not subject to collateral attack.

2. ———: **Attachment in Foreign Court.** After a final judgment is rendered in a circuit court of this State, neither the original debt which was merged into the judgment, nor the judgment itself considered as a debt, is subject to garnishment in proceedings instituted in another state. So that where final judgment was rendered against defendant in a circuit court in this State and that judgment was affirmed on his appeal, an attachment thereafter instituted against the plaintiff in another state, to which the defendant was summoned as garnishee, does not operate as a defense, though fully pleaded, to plaintiff's suit on defendant's appeal bond. [Following Tourville v. Wabash Ry. Co., 148 Mo. 614, 179 U. S. 322.]

3. ———: **In Excess of Amount Sued For.** The fact that judgment was rendered for a few dollars more than the principal sum sued for did not render the judgment void and is not available in a

suit on the appeal bond, especially where the petition alleged demand and failure to pay and prayed judgment for the amount for which judgment was rendered, since the court had jurisdiction of the subject-matter and the parties, and if the judgment was in excess of the debt due the excess was a matter of error not affecting its jurisdiction, and was an error which defendant should have called to the attention of the circuit court, or to the attention of the appellate court which, on his appeal, affirmed the judgment.

4. **APPEAL:** **Vexatious:** **Penalty:** **Surety on Appeal Bond.** A penalty of ten per cent of the damages for vexatious appeal will not be imposed upon appellants from a judgment on the appeal bond of one of them, where such assessment would be to penalize the other who is 'a mere surety for the principal defendant and was not a party to the maze of litigation shown by the record. Sureties are favorites of the law, and should not be lightly penalized for defending suits or appealing from judgments against them.

Headnote 1: Judgments, 34 C. J. sec. 860. Headnote 2: Garnishment, 28 C. J. sec. 183; Appeal and Error, 4 C. J. sec. 3423 (1926 Anno). Headnote 3: Judgments, 34 C. J. sec. 864. Headnote 4: Principal and Surety, 32 Cyc. 73; Costs, 15 C. J. sec. 692 (1926 Anno).

Appeal from Jackson Circuit Court.—*Hon. Thad B. Landon,* Judge.

AFFIRMED.

*Kelly, Buchholz, Kimbrell & O'Donnell, A. E. Watson* and *Horace H. Blanton* for appellants.

(1) The petition upon which the pretended judgment was based, to stay which judgment the bond in suit was executed, did not state facts sufficient to constitute a cause of action; nor did it allege any issuable or traversable facts, but mere conclusions; nor did it allege any consideration for the pretended contract between Meierhoffer, defendant and Swenson, which was the basis of the alleged cause of action sued on in said case; nor did it allege any contract between Meierhoffer, Kennedy and Swenson; and said pretended judgment was for a sum of money in excess of the sum claimed in said petition to

be due, and said judgment was, therefore, void. Sec. 1220, R. S. 1919; Charles v. White, 214 Mo. 187, 207; Swift v. Central Union Fire Ins. Co., 279 Mo. 606; Wenzlick v. Funck Lumber Co., 224 S. W. 61; Steffen v. American Surety Co., 224 S. W. 103; Stark v. Kirchgraber, 186 Mo. 633, 644; Scott v. Royston, 223 Mo. 568, 591; State ex rel. McManus v. Muench, 217 Mo. 124, 137; State ex rel. Kelly v. Trimble, 247 S. W. 187; McConnell v. Deal, 246 S. W. 594; Gray v. Clements, 286 Mo. 100, 107; Ecton v. Tomlinson, 278 Mo. 282; Sidway v. Mutual Land & Live Stock Co., 163 Mo. 342, 373; Holzhour v. Meer, 59 Mo. 437; Wilson v. Darrow, 223 Mo. 520, 531; Reynolds v. Stockton, 140 U. S. 254, 266; Bell v. Johnson, 207 Mo. 281; Ex parte Smith, 135 Mo. 223, 229; Showles v. Freeman, 81 Mo. 540; 23 Cyc. 1589. (2)   The court erred in rendering the judgment herein against the defendants for the reason the defendant Kennedy may be called upon to answer twice for any indebtedness he may owe plaintiff under the garnishment proceedings in the District Court of Wyandotte County, Kansas.   Sutton v. Heinzle, 84 Kan. 756; Howland v. Ry. Co., 134 Mo. 474; Wythe Hardware Mfg. Co. v. Lang & Co., 127 Mo. 242; Harris v. Balk, 198 U. S. 215.   (3)   The court erred in rendering judgment against the defendants herein for the reasons that the defendants were thereby deprived of their property without due process of law, and contrary to the provisions of the Constitution of the United States and the Constitution of the State of Missouri; and were thereby denied the protection, rights, privileges and immunities guaranteed to them by the constitutional provisions, to-wit:   Sec. 30, Art. 2, Mo. Constitution; Sec. 10, Art. 2, Mo. Constitution; Sec. 1 of the Fourteenth Amendment to U. S. Constitution; Sec. 2, Art. IV, U. S. Constitution; Sec. 1, Art. IV, U. S. Constitution. See Kinney v. Supreme Lodge, 40 Sup. Ct. Rep. (U. S.) 371; Fontleroy v. Lum, 210 U. S. 230; B. & O. Railroad Co. v. Hostetter, 240 U. S. 620; C. M. & St. P. Ry. Co v. Schendel, 292 Fed. 326.

*Guthrie & Conrad* and *Hale Houts* for respondent.

(1) The judgment covered by the appeal bond was valid and *res judicata* as to appellants. Sidwell v. Kaster, 289 Mo. 187; Winningham v. Trueblood, 149 Mo. 580; Holt County v. Cannon, 114 Mo. 514; Horstmeyer v. Connors, 51 Mo. App. 394; Fiedler v. Construction Company, 178 S. W. 766; Brackett v. Brackett, 53 Mo. 267; State ex rel. v. Shields, 237 Mo. 337; Stegall v. Chemical Company, 183 S. W. 1086; Harter v. Petty, 266 Mo. 305; Kansas City v. Winner, 58 Mo. App. 302. (2) The Kansas garnishment was not a defense as to either appellant. Sec. 2155, R. S. 1919; Howland v. Railway, 134 Mo. 484; Wabash Railroad Company v. Tourville, 179 U. S. 322; Norman v. Insurance Company, 237 Mo. 582. (3) There is involved the infringement of no constitutional provisions. Wabash Railroad Company v. Tourville, 179 U. S. 322. (4) The case calls for the assessment of damages for vexatious appeal. Sec. 1515, R. S. 1919; Fiedler v. Construction Company, 178 S. W. 763; Overton v. White, 126 Mo. App. 363; State ex rel. v. Shields, 327 Mo. 337.

SMALL, C.—Suit on appeal bond given by defendant Kennedy as principal and defendant Swenson as one of his sureties in a suit by the plaintiff, Charles Meierhoffer, against said defendant Kennedy in Jackson County Circuit Court, wherein judgment was rendered against defendant Kennedy for $6836.70, and by him appealed to the Kansas City Court of Appeals, where the judgment of the circuit court was affirmed. Said bond was in the sum of $14,000, and in the form prescribed by the statute.

The answer was (a) general denial; (b) that the petition in the case appealed from in which the bond was given did not state a cause of action; (c) that said petition alleged an indebtedness of $6800.46, due plaintiff from said defendant Kennedy, and the judgment in said cause was for $6836.70, without any allegation in the petition to support a judgment for that sum or any sum;

(d) that before execution was issued on said judgment, said Kennedy was garnished as the debtor of said plaintiff in an attachment suit brought in the District Court of Wyandotte County, Kansas, against plaintiff Meierhoffer, by one Harry Hansell, in which suit said Hansell demanded from said Meierhoffer $65,000, and which garnishment was pending when this suit was instituted and tried; that a motion of said Kennedy to quash execution under the plaintiff's judgment in said cause in Jackson County, Missouri, was pending and undetermined before this suit was instituted. That said District Court of Wyandotte County, Kansas, had jurisdiction, under Section 1, Article 3, of the Constitution of Kansas, of said suit of Hansell v. Meierhoffer, and defendant invokes the protection of Section 1 of Article 4 of the Constitution of the United States providing that full faith and credit must be accorded to the public acts, records, and judicial proceedings of every other State, and the protection of Section 2 of Article 4 of the Constitution of the United States providing that the citizens of every State shall be entitled to all the privileges and immunities of citizens of the several states; also the protection of the Fourteenth Amendment to the Federal Constitution. That said attachment suit in Kansas was authorized by Sections 7121, 7123, 7134 of the General Statutes of said State.

Reply was a general denial.

At the trial, plaintiff offered in evidence the judgment in the case in the Circuit Court of Jackson County, of Meierhoffer v. Walter J. Kennedy, dated April 4, 1919, for $6836.70, and the mandate of the Kansas City Court of Appeals affirming said judgment on June 26, 1920, and the opinion of said court attached thereto. It was admitted that on application to the Supreme Court for a writ of *certiorari* in said cause said writ was denied. The appeal bond sued on was then put in evidence. It is in the statutory form and duly executed by defendants and approved by the court, and for the amount stated in the petition. Also evidence that no part of the judgment had ever been paid. Plaintiff here rested.

Defendants offered the petition in said cause of Meierhoffer v. Kennedy in the Circuit Court of Jackson County, and an exemplified copy of the record and proceedings in the District Court of Wyandotte County, Kansas, in said attachment and garnishment proceedings cf Harry Hansell v. Charles Meierhoffer. They showed the suit was commenced and garnishment issued August 27, 1920. No service on defendant in said cause, but garnishment served on Kennedy in said Wyandotte County on date it was issued. These records were all admitted subject to objection. There was no answer filed to the garnishment in Kansas, because the filing of such answer was enjoined by the Circuit Court of Jackson County, from which an appeal was taken and was pending in the Supreme Court of Missouri at the time the case was tried. Defendants then offered and read in evidence, subject to objection, the provisions of the constitution and statutes of Kansas, as pleaded and set forth in their answer, and the case of Sutton v. Heinzle, 84 Kan. 756. Also the motion to quash execution and stay proceedings in the case of Meierhoffer v. Kennedy in the Circuit Court of Jackson County, and the order of said court overruling said motion, and the motion for new trial thereon filed by said Kennedy, which was undisposed of when this case was tried. The grounds of said motion to quash were substantially the same—setting up the garnishment proceedings in Kansas and other matters pleaded—as in the answer in this case. It was admitted that when the attachment suit in Kansas was commenced this suit on the appeal bond had not been instituted, but the record shows that said judgment had been rendered against defendant Kennedy by the Circuit Court of Jackson County, Missouri, and affirmed by the Court of Appeals before the attachment suit in Kansas was commenced. In rebuttal, plaintiff offered evidence showing that he, at all times, at and after said attachment suit in Kansas was instituted, was a resident of Jackson County, Missouri, and that his cause of action against Kennedy, on which said judgment was rendered,

accrued in said Jackson County. That he was served
with notice of the Kansas garnishment in said Jack-
son County by the sheriff thereof, but knew of its pend-
ency at that time and before he brought his said injunc-
tion suit and restrained the filing of an answer to said
garnishment. Jury was waived and the cause was tried
by the court sitting as a jury. No instructions were asked
or given. The court found the issues and rendered judg-
ment for plaintiff as prayed. After their motion for
new trial was overruled, defendants appealed to this
court.

I. The judgment and opinion of the Kansas City
Court of Appeals affirming the judgment of the Jackson
County Circuit Court in said cause of Meierhoffer v.
Kennedy, is reported in 204 Mo. App. 351, and 223 S.
W. 624. It sets out the substance of the pe-
tition in said cause, as shown by the record
in this case, and that said petition was found-
ed upon a claim by plaintiff that the defend-
ant owed him the sum therein prayed for, $6836.70, upon
an agreement to divide the proceeds of the sale of a sand
business owned by plaintiff, said Kennedy, and Swenson.
In general, it was a suit for money for breach of con-
tract. The point was made in said appellate court—
and it was one of the errors assigned by the appellant
Kennedy—that the petition in said cause did not state
facts sufficient to constitute a cause of action. The court
considered, and in its opinion denied, that contention,
and affirmed said cause. We refused a writ of *certiorari*
to said court on appellant's application therefor. It is
not contended that said Court of Appeals did not have
jurisdiction of the general subject-matter, or class of
cases to which said cause belonged, but that it had no
jurisdiction of that particular case because the petition
therein did not state a cause of action. The answer to
this argument is two-fold: First, the Kansas City Court
of Appeals had jurisdiction of said appeal, and it had
authority and jurisdiction to decide, and it was its duty

*Margin note:* Judgment: Collateral Attack.

to expressly decide when the point was raised, whether or not the petition in said cause stated facts sufficient to constitute a cause of action. It expressly decided that contention against the appellant. No appeal was, or, under the law or Constitution of the State, could be taken from the judgment of affirmance of said appellant court. Its judgment was final. It cannot be attacked collaterally as attempted by the defendants in this case. Second: We have recently had occasion to investigate and rule on the question whether the mere failure of a petition to state facts sufficient to constitute a cause of action in the particular case, when the court has jurisdiction of the general subject-matter and class of cases to which the particular case belongs, rendered the judgment of a court of general jurisdiction void, and we held that such failure did not go to the jurisdiction of the court, but was simply matter of error, and if the judgment was wrong, it was not void or subject to collateral attack. That a court having general jurisdiction of the subject-matter and the parties, as in this case, has as much power to decide wrong as to decide right, and its decision cannot be again brought in question in a collateral action. If this were not so it would be impossible for there ever to be an end to any legal controversy and the very purpose for which courts are established would be subverted. [Sidwell v. Kaster, 289 Mo. l. c. 187, and cases cited.] Notwithstanding the able argument and brief of learned counsel for appellants we must adhere to the conclusion there announced, and we do not consider it as in any way conflicting with the many cases cited by the diligence of counsel. We must, therefore, rule this point against the appellants.

II. As to the defense that defendant Kennedy, after the judgment in the case of Meierhoffer v. Kennedy was rendered against him in the Circuit Court of Jackson County and affirmed by the Court of Appeals, was garnished in a suit against the plaintiff Meierhoffer by one Hansell in the District Court of Wyandotte County, Kansas, we must

Foreign
Garnishment.

deny that defense also. We decided in the case of Tourville v. Wabash Ry. Co., 148 Mo. 614, 1. c. 624, that after a final judgment was rendered in an action in this State, neither the original debt which was merged in the judgment nor the judgment itself considered as a debt, was subject to garnishment in proceedings instituted in another State. Our opinion in that case was reviewed on writ of error by the Supreme Court of the United States and our judgment was affirmed. [Wabash Railroad Co. v. Tourville, 179 U. S 322.] On page 327, the United States Supreme Court said: "The Supreme Court, however, did hold that the judgment was foreign to Illinois, and therefore not subject to garnishment there. In this the court is sustained by the weight of authority." In that case, too, the protection of the full faith and credit provision of the Federal Constitution was invoked but denied. The same rule has been declared by the Supreme Court of Kansas (Sutton v. Heinzle, 84 Kan. 756), and such is the law by the great weight of authority. [20 Cyc. 1010; 14 Am. & Eng. Ency. Law, 777; Drake on Attachment, sec. 625.]

III. Nor does the fact, if it is a fact, that the judgment in the case of Meierhoffer v. Kennedy was for $36.70 more than the petition sued for as contended by appellants, render the judgment void, and subject to collateral attack. That was a matter of error not affecting the jurisdiction of the court over the case, which defendant Kennedy should have called to the attention of the circuit court which rendered the judgment, or to the appellate court, which, on his appeal, affirmed it. While it is true the principal sued for was $6800, the petition alleged demand and failure to pay when due and prayed judgment for $6836.70, the amount of the judgment rendered, and also for interest and costs. The $36.70 complained of would more than be accounted for with the interest claimed. Whether it was properly or improperly allowed is not shown by the record, and in no event would its allowance

*Excessive Judgment.*

make the judgment void or subject to collateral attack. [Harter v. Petty, 266 Mo. 305.]

IV. Respondent asks us to impose a penalty of ten per cent damages upon appellants under the statute for vexatious appeal. But that would be to penalize de-

**Vexatious Appeal.** fendant Swenson, who is a mere surety for defendant Kennedy and who was not a party the maze of litigation shown in the record. Sureties are favorites of the law and should not be lightly penalized for defending or appealing suits against them. We rule this point against respondent.

Finding no error in the record, the judgment below should be affirmed. It is so ordered. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.