Lois Jean ALLEN, Plaintiff-Respondent,

v.

Raymond Lee ALLEN, Defendant-Appellant.

No. 24930.

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 7, 1968.

Application to Transfer Denied Dec. 9, 1968.

James D. McGrath, Kansas City, for appellant.

Austin E. VanBuskirk, Donald L. Dorei, Kansas City, for respondent.

CROSS, Judge.

This is an appeal by defendant, formerly plaintiff's husband, from an order of the trial court overruling his motion to vacate a judgment for child support previously rendered against him in a divorce suit between the parties.

Plaintiff wife brought the original action against defendant by filing her petition on June 24, 1958, alleging, among other matters: facts relating to consummation of the marriage; that plaintiff had discharged her lawful duties as a wife; that defendant had offered her indignities (enumerated) such as rendered her condition in life intolerable; and, that there was one child born of the marriage, a girl nine years of age. It was plaintiff's prayer "that she be divorced from the bonds of matrimony contracted as aforesaid; that she be awarded custody of the minor child; and for such other and further orders as in the premises is fitting and proper." Defendant was personally served with summons and a copy of the petition, but he filed no answer and made no appearance. At the trial held on August 1, 1958, plaintiff produced evidence to sustain the allegations of her petition, including testimony that plaintiff, defendant and the minor child were residents of Missouri, that the child was in plaintiff's custody, that defendant was employed and that he earned between $65.00 and $70.00 a week. When asked to state how much money she thought was necessary to support the child she said, "I prefer to do it myself." Upon being informed that child support would be ordered she testified that $15.00 a week would be sufficient. The court's judgment awarded plaintiff a divorce and custody of the minor child and ordered defendant to pay her child support in the sum of $15.00 per week. (This child, Susan Diane Allen, died April 20, 1967.)

On December 28, 1966, defendant filed in the original cause, his unverified motion (above referred to) entitled "Motion to Vacate Child Support Judgment" in which he contended that the court was without jurisdiction to enter a child support judgment because plaintiff had not asked for it in her petition, and that the judgment in that respect was void ab initio. The motion contains other allegations which have no bearing on the legal question presented. On September 21, 1967, the trial court entered its order overruling the motion and defendant appealed. The transcript before us does not indicate that defendant offered any evidence to support the motion.

Defendant's first point presents the essential question for our decision. It is there contended that the trial court erred in refusing to vacate the child support award because "(the) court had no power to render judgment for child support in default divorce case where there was no pleading praying such award." Defendant's second point is devoted to the argument that "Courts have no power to render judgment until their action is called into exercise by pleadings, and any relief granted beyond that which is called for by the pleadings is void." Defendant's third point presents a slight variation by suggesting that "The court erred in refusing to vacate child support judgment where the court made a child support award contrary to the request of the plaintiff and the pleadings upon its own motion without notification to defendant." Defendant's appeal theory thus presented is not supported by any semblance of authority.

■■■ The court derives its jurisdiction and authority to provide for custody and maintenance of minor children in divorce actions from, and is *enjoined* to perform certain duties in that respect by, Section 452.070 V.A.M.S., here quoted in pertinent part: "When a divorce shall be adjudged, the court shall make such orders touching the alimony and maintenance of the wife, and *the care, custody and maintenance of*

*the children,* or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable." (Emphasis supplied.) See Green v. Green, Mo. App., 234 S.W.2d 350, where the court appropriately expressed its view of the court's duty to make suitable provision for child support as required by Section 452.070, as follows: "The primary duty to support his minor children rests upon the father no less after divorce than before the decree was granted, *and to this end the statute enjoins the court adjudging a divorce to make such order touching the maintenance of the children as shall be reasonable in view of the circumstances of the parties and the nature of the case.*" (Italics supplied.)

The issue now before us was settled, in principle and by analogy, by the decision of the Supreme Court in the case of In re Morgan, 117 Mo. 249, 21 S.W. 1122, 22 S. W. 913, where a husband in a divorce action challenged the jurisdiction of the trial court to determine the question of child custody when there is no prayer for custody in the pleadings. The court ruled the question as follows: "It is again urged that the pendency of the divorce suit in the circuit court does not give that court jurisdiction to determine the question as to the custody of the child, because of the agreed fact that custody of the child is not prayed for in the pleadings by either party in that suit. The answer to this is that jurisdiction of the parties to that suit carries with it the incidental power to make an award as to the custody of the child. * * * A decree of divorce would necessarily affect the welfare of the child, and it is the duty of the court to protect it; and hence it is that the court can make a proper order concerning its future custody, though the petition contains no prayer to that end. Snover v. Snover, 10 N.J.Eq. 261."

■■■ The Supreme Court's decision in the Morgan case has been followed uniformly since its rendition. In Crooks v. Crooks, Mo.App., 197 S.W.2d 678, 682, the

court stated: "In fact, in granting the divorce, the court has the power, if the children are within its jurisdiction, to make an order concerning their custody, irrespective of whether the parties themselves have raised the issue. In re Morgan, 117 Mo. 249, 21 S.W. 1122 [22 S.W. 913]." In S———— v. G————, Mo.App., 298 S.W. 2d 67, the court commented as follows: "The power to adjudge custody, while statutory, is an inheritance from the ancient ecclesiastical courts, and under our statutes when the court has once acquired such jurisdiction the child becomes its 'ward' and the court has jurisdiction to award custody 'to the exclusion of all others.' A child is not a horse or dog to be won or lost depending upon the wish or whim of some person to be stated, or not stated, in a pleading. In such a proceeding four persons are involved, the two adversaries, the child (who stands to win or lose the most) and to some extent the public. Once the issue of the welfare of the child has been submitted to the court, that court must of necessity make such orders as are proper to accomplish such welfare, and technical objections in respect to pleadings on a motion to modify should not prevent a decision on the merits. Technical rules are not given serious consideration. Sanders v. Sanders, 223 Mo.App. 834, 14 S.W.2d 458. The court may award custody even though no request therefor has been made in a petition. (Citing In re Morgan, 117 Mo. 249, 21 S. W. 1122, 22 S.W. 913.)" Also see State ex rel. Stone v. Ferriss, Mo.Sup., 369 S. W.2d 244.

■ Although the Morgan case and cases later decided on its authority dealt with the question of the court's jurisdiction to award child custody, we accept those decisions as controlling authority on the instant question of the court's jurisdiction to award child support in the absence of a pleaded prayer. The same sentence of Section 452.070 charges the court to make reasonable orders touching both "custody" and "maintenance". There is no reason to believe that the court would have any less-

er jurisdiction or authority to make an order for one than for the other, since they are correlative considerations. Surely the duty of the court in protecting the child's welfare would encompass the function of providing for its monetary support, giving due consideration to the circumstances of the parties. "There seems to be little question as to the power of the court in granting a default judgment in a divorce or separation action to provide for the custody and support of the children of the parties even though no relief has been asked in regard thereto." 12 A.L.R.2d 343, Anno. Divorce or Separation—Relief Granted.

■ It is shown by the record that plaintiff, defendant, and the minor child were resident within the territorial jurisdiction of the court in which the divorce suit pended. Defendant was personally served with process by which he was duly notified that plaintiff requested the child's custody. It was established by the evidence that defendant had the means by which he was able to furnish child support, and it appears that the court's award was well within such means. Under these circumstances it was the prerogative of the court, in the exercise of its statutory jurisdiction and reasonable discretion, to enter the child support order in question.

■ The rules of pleading observed in this state afford further reason to justify the action of the trial court in awarding child support although not prayed for in plaintiff's petition. It is generally recognized that the prayer is no part of the petition. This rule is particularly applicable in equitable proceedings. 23 Mo.Digest, Pleadings, ☞72. In Cannon v. Bingman, Mo.App., 383 S.W.2d 169, the court said: "The prayer is not strictly a part of the pleading and does not bind a court of equity. A general prayer for relief permits the balancing of all the equities which are within the scope of the pleadings and the evidence; for once rightfully in possession of a case the court will not relinquish it short of doing complete justice, so that

**584**

there may be a full and complete determination of the rights and liabilities of the parties in respect to the controversy involved." Although a divorce action is a statutory suit at law, it nevertheless partakes in the nature of a suit in equity and in the trial of such actions courts generally follow the rule of equity and apply equitable principles. See the numerous cases so holding digested in 11 Mo.Digest, Divorce, ☞6½. And, as held in Wells v. Wells, Mo.App., 117 S.W.2d 700. "(T)he rule (that the court will give the proper relief regardless of relief prayed for) ought to have a more liberal application in a divorce suit, where the state is always regarded as a party, than in an ordinary equity suit, where the state is not concerned."

In LaPresto v. LaPresto, Mo.Sup., 285 S.W.2d 568, plaintiff sued her husband for separate support and maintenance. Defendant husband was personally served but filed no answer. Although the wife's petition prayed award of a reasonable sum monthly and "for such other and further orders as to the court may seem meet and proper", the court entered judgment in plaintiff's favor and awarded her the sum of $15,000.00 in gross. Defendant contended the judgment was void because the trial court's relief was greater than prayed for in the petition. Affirming the judgment, the court held: "While an action for separate support and maintenance is an action at law, it is based on equitable principles. Wright v. Wright, 350 Mo. 325, 165 S.W. 2d 870. The relief granted was consistent with the allegations in the petition, and the court was not circumscribed by the prayer, it being no part of the petition. Woods v. Cantrell, 358 Mo. 1006, 218 S.W.2d 613; see also Annotation 12 A.L.R.2d 340 at page 346, § 6. If the award did not follow exactly the prayer for relief, this is a mere irregularity and does not render the judgment void and subject to collateral attack. Meierhoffer v. Kennedy, 304 Mo. 261, 263 S.W. 416."

For all the reasons hereinabove set forth we hold that the trial court was vested

with competent jurisdiction to enter its judgment awarding plaintiff child support and committed no error by refusing to vacate that judgment. In reaching this conclusion, we have duly considered all authority brought to our attention by defendant, but we find nothing therein to contradict the views we have expressed.

Accordingly, the judgment overruling defendant's "Motion to Vacate Child Support Judgment" is affirmed.

All concur.