## CHARLES ROMAIN v. WASHINGTON B. LEWIS.

*Bill in equity to vacate a land-patent.*

A patent from the State if issued prematurely or on mistake of fact, is only voidable, and conveys a legal title which will support ejectment. But a bill in equity and not an action of ejectment lies to overcome it.

Error to St. Clair. Submitted June 14. Decided Oct. 9.

EJECTMENT. Defendant Romain brings error.

*Avery Bros.* and *Wm. T. Mitchell* for plaintiff in error relied on *Boyce v. Danz,* 29 Mich., 146; *Attorney General v. Smith,* 31 Mich., 364; *Hedley v. Leonard,* 35 Mich., 71.

*Whipple & Voorheis* for defendant in error.    Letters patent of lands can only be avoided in chancery (*Bruckner's Lessee v. Lawrence,* 1 Doug. (Mich.), 37; *Jackson v. Lawton,* 10 Johns., 23) upon the strongest proof, *Bernard v. Bougard,* Har. Ch., 141; and one who is not in privity in title cannot assail the grant, the sufficiency of which is determined by the sovereignty, *Clark v. Hall,* 19 Mich., 371.

COOLEY, J.   The land for which Lewis brought ejectment appears to have been Normal School land, and was first purchased of the State by Eugene Smith in December, 1853.   The price was $160, and credit was given by the State for $120, which Smith was at liberty to pay at any time, but until payment was made, was required to pay interest at seven per centum annually.

In January, 1875, the land was again sold by the State to Lewis, upon the assumption that the original certificate of purchase had been forfeited by non-payment of interest.   July 7, 1875, a patent was executed and delivered to Lewis.   Romain had previously become the assignee of the original certificate, and was in possession under it.

On the trial Romain sought to defeat the patent to Lewis by showing that no default in the payment of interest had occurred; but the circuit judge rejected the evidence.   He also insisted that Lewis must support his purchase by showing affirmatively that the previous purchase had become forfeited; and as matter of law he claimed that the patent to Lewis was void because under the statute, Comp. L., § 3836, the prior purchaser, if in default, was entitled to a year in which to redeem from a subsequent sale, and a patent given sooner was

premature. Neither of these positions was sustained by. the court, and Lewis had judgment.

It has been held in this State that a patent from the Federal government is evidence of title, and cannot be assailed at law upon mere equities. *Bruckner's Lessee v. Lawrence,* 1 Doug. (Mich.), 19. A patent from the State would come under the same rule, and the uniform course in this State has been to test the justice and legality of its issue by bill in equity. That was the course adopted in *Boyce v. Danz,* 29 Mich., 146, and *Hedley v. Leonard,* 35 Mich., 71, and we see no reason to depart from it. The questions which such a case is likely to present are either questions of law or questions arising upon official records or documents, and as complete relief would include the setting aside of the patent, the proper tribunal seems to be that which will have the power to dispose finally of the whole controversy.

It is to be observed of the patent which is issued on a sale of lands as forfeited, that the Land Commissioner issues it without any hearing or adjudication, and upon an inspection of his own records. If he errs in the facts, his patent is not void, but only voidable. The same is to be said of a patent issued prematurely: it cannot cut off private rights, but it nevertheless conveys the legal title from the State to the patentee, and puts him in position to bring ejectment. Whoever has a better equitable right may show it in equity, but not at law.

The judgment must be affirmed with costs.

The other Justices concurred.