HENRY B. CARPENTER v. HARLEY INGERSOLL AND A. JONES.

43  433
73  122

*Patent to lands—Re-engrossment of bill in equity.*

One who holds only an equitable title to land cannot attack a patent thereto by proceedings at law.

It *seems* that a foreclosure sale is not necessarily invalidated by neglect to re-engross the foreclosure bill after amending it by adding a new party defendant.

Error to Ingham. Submitted April 22. Decided April 28.

EJECTMENT for premises claimed by Carpenter under the foreclosure of a mortgage, and by defendant under a patent from the State. The original purchaser of the land only took a certificate of purchase from the Commissioner of the Land Office, which certificate, after several intermediate assignments, was assigned to Ingersoll for a valuable consideration, and without notice of a mortgage on the premises, given by one of the former assignees and assigned to Jas. W. Tillman, who foreclosed it, and whose widow and heir-at-law transferred to Carpenter all the title thereby obtained. Ingersoll assigned the certificate of purchase to T. D. Knight, who took out a patent from the State and re-conveyed to Ingersoll. The foreclosure bill was amended by adding Ingersoll as a defendant, but the bill as amended was not engrossed and filed as required by Chancery Rule 21, though the amendments were made upon the original bill. The court below found for defendants.

*H. B. Carpenter* in person, and *M. V. Montgomery* for plaintiff in error. The holder of a land certificate may bring ejectment, *McGlone v. Prosser* 21 Wis. 273; *Gough v. Dorsey* 27 Wis. 119.

*S. L. Kilbourne* for defendants in error. One who holds by patent has the legal title (*Clark v. Lockwood* 21 Cal. 220; *Rhodes v. Craig* id. 419; *Thompson v. Lyon*

43 MICH.—55.

33 Mo. 219), and the patent cannot be impeached collaterally in a court of law on the trial of an ejectment, 3 Washb. R. P. 175; see *Romain v. Lewis* 39 Mich. 233; *Cook v. Bertram* 37 Mich. 124; *Dale v. Turner* 34 Mich. 405; *Jackson v. Hart* 12 Johns. 77; *Jackson v. Marsh* 6 Cow. 281; *People v. Livingston* 8 Barb. 255; *People v. Mauran* 5 Den. 389; *Jackson v. Lawton* 10 Johns. 23.

Cooley, J.   If this case was before us for determination on all the merits, it is probable there would be no difficulty in sustaining the sale under which the plaintiff claims, as being a valid sale on the foreclosure of an equitable mortgage, notwithstanding the irregularity which has been pointed out in the proceedings.   *Torrans v. Hicks* 32 Mich. 307.   But we decided in *Romain v. Lewis* 39 Mich. 233, that the holder of the equitable title could not attack the patent at law; and that case rules the present.   The plaintiff has a more suitable remedy, and must be left to pursue it.

The judgment must be affirmed with costs.

The other Justices concurred.