BROWN v. BROWN.

DIVORCE—ALIMONY—SUPPORT OF CHILDREN—CONTEMPT—IMPRISONMENT.

A monthly allowance decreed to a wife for the support and maintenance of a child in a suit for a divorce is "alimony," within the meaning of Act No. 230, Pub. Acts 1899, authorizing the enforcement of a decree for alimony through imprisonment for contempt.

*Certiorari* to Macomb; Tucker, J.  Submitted November 4, 1903.  (Docket No. 81.)  Decided December 1, 1903.

Contempt proceedings by Lucy M. Brown against Calvin S. Brown for refusal to pay alimony.  Defendant,

having been committed, obtained an order of discharge on *habeas corpus*, to review which petitioner brings *certio-'
rari*. Reversed.

*John E. Nolan* ( *William G. Gage*, of counsel ), for appellant.

*Silas B. Spier* and *Robert F. Eldredge*, for appellee.

HOOKER, C. J.    A decree of divorce was granted to the complainant, Lucy M. Brown, containing the provision that the defendant, Calvin S. Brown, pay to her, for the support and maintenance of their infant child, whose custody was by said decree given to her, the sum of $6 per month from the time of the enrollment of the decree to April 18, 1901, and $8 per month thereafter to April 18, 1905.    The defendant has not paid any portion of the sum so allowed to the complainant.    On November 4, 1902, she caused to be served upon the defendant a certified copy of the decree, together with a written demand upon him to pay to her the money due under said decree for the support and maintenance of said child, Earl W. Brown.    Said demand not having been complied with, she filed a petition for an attachment to enforce compliance with the decree.    Upon return of an order to show cause, a hearing was had, and the defendant was adjudged guilty of contempt in failing to pay in accordance with the decree, and it was ordered that he be committed to the county jail, and there confined until he should pay the money due, and on January 26, 1903, a precept was issued, and he was taken into custody.    On January 31st a writ of *habeas corpus* was allowed by the circuit judge of St. Clair county, and a hearing was had on February 7th, at which time a motion to quash the writ was made.    This was before Judge Law, sitting at Mt. Clemens, and it was understood that Judge Tucker, who sat with him, should act with him in the determination of the case.    Subsequently Judge Law notified counsel that he considered that the matter was one to be determined by Judge Tucker, the

resident judge of the circuit, and on March 31, 1903, Judge Tucker made an order releasing the defendant from custody. The cause was brought to this court by writ of *certiorari.*

The important question in the case is whether the decree for payment of money for the support and maintenance of the infant may be lawfully enforced through imprisonment for contempt, and this must depend upon Act No. 230 of the Public Acts of 1899, which is amendatory to 3 Comp. Laws, § 10891. Subdivision 3 of section 10891 is as follows:

"Parties to suits, attorneys, counsellors, solicitors, and all other persons, for the nonpayment of any sum of money ordered by such court to be paid, in cases where by law execution cannot be awarded for the collection of such sum, and for any other disobedience to any lawful order, decree, ôr process of such court."

Under this statute it was held that contempt proceedings were not permissible as a means of enforcing a final decree for alimony, inasmuch as execution could be lawfully obtained to enforce it. See 3 Comp. Laws, § 8640; *Haines* v. *Haines*, 35 Mich. 138; *North* v. *North*, 39 Mich. 67; *Swarthout* v. *Lucas*, 102 Mich. 494 (60 N. W. 973).

In 1899 subdivision 3 of section 10891 was amended to read as follows:

"Parties to suits, attorneys, counsellors, solicitors, and all other persons, for the nonpayment of any sum of money ordered by such court to be paid, in cases where by law execution cannot be awarded for the collection of such sum; the disobedience of [or] refusal to comply with any order of such court for the payment of alimony, either permanent or temporary, made in any suit for divorce; and any other disobedience to any lawful order, decree, or process of such court."

If this provision in the decree can be called a provision for alimony, or if the case falls within the last clause,— *i. e.,* "any other disobedience to any lawful order, decree, or process of such court,"— the procedure in the case was

lawful, and the defendant should not have been discharged. The gist of petitioner's contention is that an order providing for the maintenance of children does not fall within the term "alimony."

The common-law definition given by law writers of the term "alimony" is perhaps not broad enough to include suit money or provision for infant children of the parties to a divorce. See 1 Bish. Mar., Div. & Sep. §§ 1385, 1386; 2 Bish. Mar., Div. & Sep. § 829 *et seq.;* 2 Am. & Eng. Enc. Law (2d Ed.), 92 *et seq.; Taylor* v. *Taylor,* 93 N. C. 418 (53 Am. Rep. 460). These authors state, however, that some of the statutes and decisions give a broader meaning to the term. 2 Bish. Mar., Div. & Sep. §§ 829, 835, 907, 1020, 1213; 2 Am. & Eng. Enc. Law (2d Ed.), 92; 9 Am. & Eng. Enc. Law (2d Ed.), 862, 863; *Whieldon* v. *Whieldon,* 2 Swab. & T. 388; *Richmond* v. *Richmond,* 2 N. J. Eq. 90. Our statutes bearing upon this subject are as follows:

"(8638) SEC. 23. Upon every divorce from the bond of matrimony for any cause except that of adultery committed by the wife, and also upon every divorce from bed and board for any cause, if the estate and effects awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband, and such alimony out of his estate, real and personal, to be paid to her in gross or otherwise, as it shall deem just and reasonable, having regard to the ability of the husband, and the character and situation of the parties, and all the other circumstances of the case."

"(8640) SEC. 27. In all cases where alimony or allowance for the support and education of minor children shall be decreed to the wife, the amount thereof shall constitute a lien upon such of the real and personal estate of the husband as the court by its decree shall direct, and, in default of payment of the amount so decreed, the court may decree the sale of the property against which such lien is decreed, in the same manner and upon like notice as in suits for the foreclosure of mortgage liens; or the court may award execution for the collection of the same; or the court may

sequester the real and personal estate of the husband, and may appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate to be applied to the payment thereof; or the court, in lieu of a money allowance, may decree such a division between the husband and wife of the real and personal estate of the husband, or of the husband and wife by joint ownership or right, as he shall deem to be equitable and just.

"(8641) SEC. 28. After a decree for alimony or other allowance for the wife and children, or either of them, and also after a decree for the appointment of trustees to receive and hold any property for the use of the wife or children, as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit."

An examination of those statutes leads us to believe that the legislature intended to provide relief of two kinds, viz. : (*a*) An allowance of specific property; (*b*) a sum to be paid to the wife by the husband for the support of the wife and such children as should be placed in her custody; and that this latter sum, which the statute contemplates is to be paid to her from his estate for her own or the children's support, or both, is called "alimony" in the statute. Several of our decisions seem to have so treated it. Thus, in *Swiney* v. *Swiney*, 107 Mich. 460 (65 N. W. 287), Mr. Justice MONTGOMERY used the following language :

"As to the question of alimony, it appears that the complainant herself is possessed of $3,500, and that the defendant is worth $5,500. The court below was of the opinion that, in view of the fact that the custody of the only dependent child of the parties was accorded to complainant, an allowance of $1,000 should be made for her support and maintenance. We are satisfied that this conclusion was not inequitable, but, under section 6245 of 2 Howell's Annotated Statutes, the award in such cases

135 Mich.—10.

should be made to the wife, and we find no authority for making an allowance to a child or its guardian.

"The decree will be modified, and the sum of $1,000 will be awarded to complainant in full for alimony, and, as so modified, the decree will stand affirmed, with costs."

Again, in *Glick* v. *Glick*, 110 Mich. 304 (68 N. W. 153), the late Mr. Justice LONG spoke as follows of an order for the maintenance of a child, viz.:

"The lien was declared December 30, 1893, principally to secure payment of alimony for the maintenance of an infant child of the parties, about four years of age. The decree required Albert to pay to complainant the sum of $20 every three months for the support, care, and education of the child until it arrived at the age of 12 years, giving its custody to the complainant."

In *Judd* v. *Judd*, 125 Mich. 228 (84 N. W. 134), Mr. Justice MOORE said:

"The decree, in addition to other things, provided for the payment by defendant to complainant of $75 on the 1st day of each month for permanent alimony for the support of the complainant and the child."

A petition for an attachment was dismissed, but this decision was reversed. The question now raised was not discussed, but it was necessarily involved in the case; and, while it may be that it is not otherwise adjudicated by any of the cases cited, they serve to show the interpretation placed upon the statute, and we think it a correct one.

There is as much necessity for stringent measures to compel the support of helpless children as there can be for that of the divorced wife; and, whether or not she is entitled to share such provision, the fact that it is payable to her, and is apparently called "alimony," and relieves her from a burden of supporting her children, which the law places upon her under some circumstances, makes it reasonable to believe that, in amending section 10891, the legislature so construed these statutes and used the word "alimony."

It is unnecessary to pass upon other questions discussed.

It follows that the court was in error in ordering petition-er's discharge.    The writ of *habeas corpus* is dismissed, and the defendant is remanded to the custody of the law, under the precept issued in the contempt proceedings, to be dealt with according to law.    The appellant is entitled to costs against the petitioner.

The other Justices concurred.