*In re* AUSTIN'S ESTATE.

AUSTIN *v*. AUSTIN.

1. DIVORCE — ALIMONY — JURISDICTION — DECREE, VALIDITY OF — NECESSITY OF PRAYER FOR ALIMONY OR UNDERWRITING.

A decree of divorce awarding an allowance to the wife for the support of minor children is valid in collateral proceedings, although no prayer for such an allowance was included in the bill of complaint for divorce, and the underwriting on the subpoena was not signed by her solicitor.

2. SAME—MINORS—CUSTODY OF CHILDREN.

In entering a decree for divorce the court is empowered by statute to make a just and proper order respecting the care,

custody, and maintenance of the minor children, whether or not the pleadings contain averments relative thereto. 3 Comp. Laws, § 8631, 4 How. Stat. (2d Ed.) § 11468.

3. SAME—INFANTS.

In divorce cases, whether minor children are mentioned in the pleadings or not, or whether or not there may be any underwriting on the subpœna, or whether the parties agree or attempt to agree as to the custody of minor children, they have become by statutory authority the special wards of the court, and it becomes the duty of the court to safeguard their interests.

4. SAME—SERVICE OF PROCESS—PARTIES—ATTORNEY AND CLIENT.

Where the defendant in a divorce case appeared by his solicitor, objections to irregularities in the service of process were waived.

5. SAME—AUTHORITY OF SOLICITOR.

An attorney who has entered an appearance is *prima facia* presumed to have had authority so to do.

6. SAME—AFFIDAVIT OF IRREGULARITY—ORDER PRO CONFESSO—IRREGULARITIES.

Failure to file an affidavit of regularity in the case or to file an order *pro confesso* were irregularities that did not invalidate the decree on collateral attack.

7. SAME—ENROLLMENT.

By the provisions of 1 Comp. Laws, § 557, 5 How. Stat. (2d Ed.) § 12611, authority is conferred on the court to order the recording and enrollment of the decree *nunc pro tunc*.

Error to Calhoun; North, J. Submitted October 10, 1912. (Docket No. 2.) Decided November 8, 1912.

Claim by Alice M. Austin against the estate of Frank Austin, deceased, for moneys expended in maintaining the minor children of decedent. It was allowed by the commissioners on claims. Lola M. Austin, executrix of the estate of decedent appealed to the circuit court where the judgment was affirmed. Defendant brings error. Affirmed.

*J. M. Hatch & Sons*, for appellant.

*J. L. Hooper* (*Stewart & Jacobs*, of counsel), for appellee.

STONE, J. The claim of Alice M. Austin against the estate of Frank Austin, deceased, was presented in the probate court of Calhoun county, where ancillary administration was had in said estate. The claim was for the support, care, and maintenance of the two children of said parties, to wit, Helen and Pearl. The claim was allowed by the commissoners on claims, and an appeal was taken by Lola M. Austin, executrix, to the circuit court, where the decision of the commissioners was affirmed; the circuit judge having filed findings of fact and conclusions of law therein.

The claim grows out of a decree of divorce which was granted upon a bill filed by Alice M. Austin against Frank Austin, now deceased, on the 11th day of August, 1894, alleging extreme cruelty, desertion, and nonsupport, and praying for the custody of Pearl Austin, 14 years of age, and Helen M. Austin, then 7 years old, until they should severally attain the age of 14 years. The bill also prayed for absolute divorce, but contained no prayer for alimony, and no prayer for expenses or allowance for support of the children, but contained the usual prayer for general relief. The bill of complaint set forth no facts showing what property either the complainant or defendant had, and no facts showing the earnings of either party. At the time of the filing of the bill of complaint, Frank Austin, the defendant therein, was residing in the State of Ohio. A subpœna was issued upon the filing of the bill, directed to Frank Austin; but the underwriting on the said subpœna was not filled out or signed by the solicitor of Alice M. Austin. On the 1st day of September, 1894, Frank Austin admitted service of the subpœna in the State of Ohio. His appearance in said cause, by H. E. Winsor, his solicitor, was entered by the clerk in the common rule book. There is no proof on file in said cause of any service of a copy of the bill of complaint upon H. E. Winsor, and no waiver of such notice appears of record. No affidavit of default or affidavit of regularity was

ever filed in said cause, and no order *pro confesso* was ever entered, so far as the records show. The case was heard before the circuit court in chancery, and on March 21, 1895, a decree was made and entered in said cause, purporting to have been, upon the bill taken as confessed, and granting Alice M. Austin an absolute divorce from Frank Austin, which decree contained the following:

"And it is also further ordered, adjudged, and decreed that said complainant, Alice M. Austin, shall have the care, custody, and maintenance of said minor child, Helen M. Austin, and that said child shall remain with said complainant, Alice M. Austin, until she shall have attained the age of 14 years, or until the further order of the court. And it is further adjudged and decreed, it sufficiently appearing, that said defendant, Frank Austin, shall pay to Theodore N. Austin, as trustee, the sum of ten dollars per week, the same to be paid weekly, for the use, care, and support of the minor children of said complainant, Alice M. Austin, and said defendant, Frank Austin, viz., Pearl Austin and Helen M. Austin, such payment to continue until said children arrive at their majority, or are married, said moneys to be paid to the said complainant so long as said children remain with and are cared for by her, but to wholly cease when they marry or reach their majority, the same to be adjudged as permanent alimony to the complainant, Alice M. Austin, during the time aforesaid; and said trustee may take her receipt for the same."

Upon the trial of the case in the circuit court, the evidence tended to show that Frank Austin continued, after the divorce, to reside in the State of Ohio, and finally died at Cleveland, in that State. It also appeared that both children married before reaching the age of 21 years; Pearl having married November 14, 1900, and Helen having married on the 11th of September, 1902—each having lived with her mother until such marriage. It further appeared that no portion of the alimony, save the sum of $25, was ever paid to apply upon the decree. It also appeared that Theodore N. Austin died before the death of Frank Austin. The court found the following facts from the evidence:

(1) "I find that complainant filed a bill of complaint against Frank Austin for the purpose of obtaining a decree of divorce, which bill of complaint is hereby made a part of this finding by reference.

(2) "I find that on the 20th day of August, 1894, subpœna was issued in said cause, which subpœna and indorsements thereon are hereby made a part of this finding by reference.

(3) "I find that on the 21st day of March, 1895, a decree was entered in said cause referred to in findings Nos. 1 and 2, which decree is made a part of this finding by reference.

(4) "I find that there was no prayer in said bill of complaint in said case of *Austin* v. *Austin* for alimony, but I do not find that 'there were no facts set up showing any necessity for alimony, or that there were no facts set up showing the ability of Frank Austin to pay alimony, or that there were no facts showing his property or earnings;' but I do find that no facts are alleged in said bill of complaint which showed that the question of alimony had been settled, and I also find that no amendment to said bill of complaint was ever filed in said cause.

(5) "I find that there was no underwriting, signed by the solicitor for the complainant in said cause, upon the subpœna issued in said cause.

(6) "I find that the defendant in said cause of *Austin* v. *Austin* for divorce entered his appearance by Hon. H. E. Winsor, his solicitor, in the common rule book. (A copy of said order is inserted in the finding.)

(7) "I find that no answer by the defendant was filed in said cause.

(8) "I find that the decree in said cause is one taken by default.

(9) "I find that said cause was not put on the calendar for hearing, at least so far as appears by any notice of such hearing being filed in said cause; and also that no waiver of notice, or any other waiver, appears in the files of said cause.

(10) "I also find that no entry or any order for default appears ever to have been made in said cause, and no affidavit of default and no affidavit of regularity were ever filed in said cause.

(11) "I also find that no claim was ever filed by said claimant, Alice M. Austin, against T. N. Austin in his lifetime, or against his estate after his death, for the ali-

mony provided for in the decree in the case of *Austin* v. *Austin*, payable to him, and to be paid by him to claimant.

(12) " I do not find, as I am requested in proposed finding No. 12, 'that there was no evidence in the case of nonpayment, except that of Alice M. Austin, whose evidence was taken under objection and exception, and that the same was inadmissible, being equally within the knowledge of Frank Austin, deceased,' but, on the contrary, I do find that testimony was taken to the effect that Alice M. Austin was not paid the alimony by the trustee, T. N. Austin, through whose hands payment was to be made, and this is not testimony concerning facts equally within the knowledge of the deceased; and I also find that the testimony of the two daughters of the complainant, who lived with her during the period for which the alimony was ordered to be paid, is of some evidentiary force touching the question as to whether or not their mother did receive assistance during said period by payment of installments of alimony."

" In addition to the foregoing findings of fact covering the phases of the case suggested by the appellant's proposed findings of fact, I find that the docket entries in the divorce case in question are as follows: [Here follow the calendar entries, which we omit.]"

The following findings of law were made by the circuit judge:

(1) " That the evidence of Alice M. Austin as to nonpayment by Frank Austin of alimony is admissible.

(2) "I do not find 'that the decree, so far as it attempted to grant any alimony for support of the children and for wife, the claimant, was void.' In connection with this finding of law, it should be noted that the decree does not award any alimony for the support of the wife, the claimant, but, on the contrary, the award made was 'for the use, care, and support of the minor children of said complainant.'

(3) " I do not find, as a matter of law, 'that the claim of Alice M. Austin is (or should be) disallowed, with taxable costs to the estate of Frank Austin, deceased.'

" So far as the defense urged by appellant's attorney, that proof of payment made was equally within the knowledge of the deceased, it seems to me that, in addition to what has been said hereinbefore touching this mat-

ter, this is a defense of an affirmative character, and that when the claimant estalished the fact that a decree had been taken or ordered against the appellant, in which she was entitled to the payment of certain sums of money for the use of her children, that she thereupon established her case, and the burden of proving the defense of payment would be upon the appellant. The only person who could possibly give positive testimony as to whether or not the claimant has been paid is the claimant herself; and surely it would be a preposterous proposition of the law to say that, notwithstanding she is the only person who can give positive proof of nonpayment to her, still the statute closes her lips, and she cannot testify. Such a position would necessarily defeat this claim, and every one of like nature, by cutting off the only source from which competent proof could be secured."

Then followed the order allowing the claim as presented, and directing the same to be certified to the probate court, with the usual taxable costs in favor of the claimant and against the estate of the deceased. The above findings were duly excepted to, and error has been assigned thereon, and the case is here for review.

Counsel for appellant have discussed the questions raised by the assignments of error under certain heads, which we will consider in the order in which they have been discussed:

(1) It is first claimed that the decree in the divorce case, in so far as it attempted to grant any allowance for the support of the children, was void, because no claim therefor was set up in the bill of complaint, and the underwriting on the subpœna not having been signed by the solicitor for complainant. It is urged that no facts were set up in the bill of complaint showing the ability of Frank Austin to pay alimony, or the amount of his property.

(2) It is claimed that alimony and allowances must be prayed for to entitle the court to grant the same.

(3) That no decree could be taken in the divorce case upon default for want of answer, or default for want of an appearance, excepting such a one as was authorized by the pleadings at the time of default.

These three grounds may be considered together.

It is urged by counsel that the holding of this court in *Maslen* v. *Anderson*, 163 Mich. 477 (128 N. W. 723), is controlling of this case upon this question. This court there held, as had been held before, that the jurisdiction of the circuit court in chancery in divorce proceedings is strictly statutory, and that the court has no inherent power to decree permanent alimony. We do not think that case decisive of the question here involved. It is also well to bear in mind that distinction has been made by this court between alimony, strictly so called, and allowances for the maintenance of minor children. See *Brown* v. *Brown*, 135 Mich. 141 (97 N. W. 396); *Pingree* v. *Pingree*, 170 Mich. 36 (135 N. W. 923).

Our statute provides (section 8631, 3 Comp. Laws, 4 How. Stat. [2d Ed.] § 11468) as follows:

"Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parties the children, or any of them, shall remain."

In our opinion, a fair and practical construction of the above section authorizes the court to make a just and proper order respecting the care, custody, and maintenance of the minor children in a divorce proceeding, even though the pleadings may contain nothing in reference to those subjects. We think that they are, by the statute, made incidents to the divorce; and that upon the making of a decree for a divorce full power is given for the custody, care, and maintenance of children. This view finds support in the following authority:

"On granting a divorce, it is the duty of the court to protect the interest of the State by providing for the custody and support of the children; and this may be done although neither party has prayed for such relief." 9

Am. & Eng. Enc. Law (2d Ed.), p. 866, citing the following authorities: *Ex parte Gordan*, 95 Cal. 374 (30 Pac. 561); *Zuver* v. *Zuver*, 36 Iowa, 190; *In re Morgan*, 117 Mo. 249 (21 S. W. 1122, 22 S. W. 913); *Snover* v. *Snover*, 10 N. J. Eq. 261; *Parker* v. *Parker*, 8 Ohio Cir. Ct. R. 363.

An examination of the above-cited cases shows that they fully sustain the position claimed for them in the citation. See, also, 14 Cyc. p. 804, and cases cited.

We think that the position of counsel for appellee, where they claim that in every divorce case, whether mentioned in the pleadings or not, or whether or not there be any underwriting on the subpœna, or whether or not the parties agree, or attempt to agree, as to the minor children, such children have become, by statutory enactment, the special wards of the court, is supported by authority; and this matter is not only within its jurisdiction, but it becomes the duty of the court to safeguard the interests of the minors against improvidence or carelessness of one or both parents.

It is next urged by appellant's counsel in their fourth position that, in order to warrant alimony or allowance, there must have been personal service of the subpœna upon the defendant in the divorce case; and, fifth, that no personal decree, such as a decree for alimony or allowance, can be based upon proof of service outside of the State, or upon publication.

It is a sufficient answer to these positions to say that the circuit judge found, as matter of fact—and we find that the evidence fully supports such findings—that the defendant in the divorce case appeared by his solicitor; and whether Frank Austin was ever served with a subpœna or not becomes wholly unimportant.

" An attorney who has entered an appearance is always presumed to have authority to do so until the contrary is shown." 3 Cyc. p. 531, and cases cited in note 86.

And it also appears that Mr. Winsor was present at the hearing of the divorce case.

It is next contended by counsel for appellant that the decree in the divorce case, so far as it granted any allowance for the support and maintenance of the children, was void for want of jurisdiction, and could be attacked collaterally or in any other way, and that it furnished no legal evidence of any claim against the estate of Frank Austin, deceased, and this embraces the argument with reference to the irregular default and subsequent proceedings. We cannot agree with counsel in this contention. We think that the failure, if such there was, to file an affidavit of regularity and to enter the formal order *pro confesso* were mere irregularities, and did not affect the jurisdiction of the court. *Ireland* v. *Woolman*, 15 Mich. 253; *Torrans* v. *Hicks*, 32 Mich. 308.

In the last-cited case it is held that the validity of the decree cannot be attacked collaterally for mere irregularities which do not go to the jurisdiction. *Ruggles* v. *First Nat. Bank of Centerville*, 43 Mich. 192, 196 (5 N. W. 257); *Carpenter* v. *Ingersoll*, 43 Mich. 433 (5 N. W. 457). See collection of authorities in note to *Bigalow* v. *Barre*, 30 Mich. 1.

These questions might have been successfully raised in the divorce case on appeal or otherwise; but, not going to the jurisdiction of the court, they cannot be raised collaterally, as they are sought to be raised here.

We have examined the other questions urged by the appellant, including the one with reference to the enrollment of the decree *nunc pro tunc*, and are of the opinion that they are without merit. We think that, under section 557, 1 Comp. Laws (5 How. Stat. [2 Ed.] § 12611), the court had full power and authority to order the decree in the divorce case recorded and enrolled *nunc pro tunc*.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.