## JOHNSON *v.* JOHNSON.

1. DIVORCE — PURPOSE OF UNDERWRITING REQUIRED BY CIRCUIT COURT RULE.

> The purpose of the underwriting stating whether or not alimony or custody of children is prayed for in a bill of divorce, required by Circuit Court Rule No. 19 to be attached to the summons, is to notify the defendant of the specific relief sought.

2. SAME—UNDERWRITING SUFFICIENT.

> A statement in the underwriting attached to the summons in a divorce suit that plaintiff sought interests in property and wanted the custody of the minor children, was a sufficient compliance with Circuit Court Rule No. 19 to justify the court below in giving plaintiff the custody of the children and awarding a certain amount per week for their support until they attained a certain age.

[1]Divorce, 19 C. J. § 239 (Anno); [2]Id., 19 C. J. § 239 (Anno); [3]Id., 19 C. J. § 812 (Anno); [4]Id., 19 C. J. § 821; [5]Id., 19 C. J. § 239 (Anno); [6]Id., 19 C. J. § 821; [7]Id., 19 C. J. § 821.

3. SAME—DISTINCTION BETWEEN ALIMONY AND ALLOWANCE FOR MAINTENANCE OF CHILDREN.

> Distinction is made by the court between alimony, strictly so-called, and allowances for the maintenance of minor children.

4. SAME—NOTARIES—FAILURE TO SET FORTH NOTARIAL EXPIRATION DATE.

> Failure of the notary to set forth a notarial expiration date on a petition for attachment of defendant for failure to pay money awarded in a divorce suit for the support of minor children, sworn to before him, was but a mere irregularity; the presumption being that he was such notary, which the public records so show.

5. SAME—SERVICE ON PROSECUTING ATTORNEY.

> Where the record shows that the prosecuting attorney took the action required by the statute in regard to the minor children, and that the trial judge followed his recommendations, objection that the summons in the divorce suit was not served on the prosecuting attorney is without merit, although the record fails to show what notice was given to him.

6. SAME—CONTEMPT—ATTACHMENT—VALIDITY.

> Where the original writ of attachment for defendant for failure to pay money awarded in a divorce decree is in the files and shows that it is signed by the presiding judge, by the clerk of the court, by the friend of the court, and has the court's seal impressed thereon, defendant's objection that no other testing, signature, subscription or indorsement appears on the writ, except the judge's signature, is without merit.

7. SAME—AMOUNT IN DEFAULT.

> Defendant's objection that there is nothing in the record to show that he was in default in his payments under the divorce decree to the amount for which he was committed is without merit, where the record shows that he was examined under oath, that the court found he was of sufficient ability to pay, and had failed to purge himself of the contempt charged.

Appeal from Wayne; Webster (Clyde I.), J.   Submitted June 8, 1926.   (Docket No. 17.)   Decided April 1, 1927.

Bill by Vada Johnson against Owen Johnson for a divorce. From an order committing defendant for contempt of court for nonpayment of alimony, he appeals. Affirmed.

*Edward Pokorny,* for plaintiff.

*Rosenthal, Rosenthal & Rosenthal,* for defendant.

STEERE, J. In this divorce proceeding the bill of complaint was filed February 23, 1921. The summons was served personally on defendant and bore an underwriting reading:

"A personal decree is hereby sought against the defendant and custody of the children and the bill is filed to reach interests in property and not to obtain any further relief against the remainder of the defendants."

Defendant paid no attention to the summons and his default was taken July 13, 1921. On August 16, 1921, the prosecuting attorney filed a report showing he had made an investigation as to the minor children and recommending as to whom the custody should be given. On March 28, 1922, a decree of divorce was granted to the plaintiff and she was given custody of the minor children until they attained the age of 15 years, with the following provisions in the decree:

"And it is further ordered, adjudged and decreed, that the said defendant, Owen Johnson, pay to the clerk of the court, for the use and benefit and support of the two minor children, the sum of ten dollars per week, payable each week in advance until the said children and each of them shall attain the age of fifteen years, or until the further order of this court.

"And it is further ordered, adjudged and decreed, that said defendant pay to the plaintiff the sum of one dollar, which sum shall be in lieu of any and all dower right which plaintiff may now have in the property owned by said defendant, or in the property in which he may in future acquire any title or interest."

Defendant made no payments under the decree. On October 2, 1922, the plaintiff filed a petition for a writ of attachment against him for his failure to pay the money into court as the decree required, with a certificate of the county clerk attached to the petition reading as follows:

"I hereby certify that the records in this office show that no alimony has been paid in the case of Vada Johnson, plaintiff, *vs.* Owen Johnson, defendant."

On July 23, 1925, an order was made by the court reading in part:

"It appearing to the court that the respondent herein was duly served with an order to show cause and did appear in this court on this day to answer to the charge of contempt of court, and the said respondent being examined under oath, inquiring into his alleged contempt, and it further appearing to the court that the said respondent, being of sufficient ability, has failed and neglected to comply with the decree of this court and has failed to purge himself of the contempt charged in said petition filed in this cause.

"It is therefore ordered that respondent be, and he is hereby deemed guilty of contempt of court for his failure, and refusal to comply with the decree of this court.

"On motion of Edward Pokorny, friend of the court, it is further ordered that said respondent, Owen Johnson, be confined from and after this date in the Detroit house of correction where his earnings specifically determined by contract between Wayne county auditors and the Detroit house of correction commission, amounting to the sum of $2.00 each and every day of his confinement, shall be paid to the friend of the court and applied to the support of respondent's children until the decree of this court has been complied with by the payment of the sum of ($1,720.00) seventeen hundred and twenty dollars, or until the further order of this court. Such confinement shall not exceed the period of one year."

A motion was made to vacate this order for 15 different reasons. After a hearing the trial judge de-

clined to vacate the order and the case is brought into this court by appeal.

Defendant's counsel first say in their brief:

"Appellant maintains that the decree of divorce was void because the underwriting of the summons failed to show that alimony was demanded; because appellant had no actual or constructive notice that alimony might be awarded; and because no summons was served upon the prosecuting attorney or his appearance entered."

It is contended the underwriting attached to the summons did not comply with that part of Circuit Court Rule No. 19 providing as follows:

"And in a divorce case the underwriting shall, in addition to the above, state whether or not alimony or custody of children is prayed for in the bill."

The underwriting quoted plainly stated plaintiff sought the custody of her children and that "the bill is filed to reach interests in property." It has been said that the purpose of the underwriting is to notify the defendant of the specific relief sought. *Pheley* v. *Pheley*, 233 Mich. 624. When defendant was notified that plaintiff sought interests in his property and wanted the custody of the minor children he did not have to go afield to infer that the children must be fed and clothed and sheltered and that this costs money. In this connection the following language of the late Justice STONE in *Re Austin's Estate*, 173 Mich. 47, appears pertinent:

"It is also well to bear in mind that distinction has been made by this court between alimony, strictly so called, and allowances for the maintenance of minor children. See *Brown* v. *Brown*, 135 Mich. 141; *Pingree* v. *Pingree*, 170 Mich. 36.

"Our statute provides (section 8631, 3 Comp. Laws 1897, 4 How. Stat. [2d Ed.] § 11468, 3 Comp. Laws 1915, § 11407) as follows:

"'Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make

such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain.'

"In our opinion, a fair and practical construction of the above section authorizes the court to make a just and proper order respecting the care, custody, and maintenance of the minor children in a divorce proceeding, even though the pleadings may contain nothing in reference to those subjects. We think that they are, by the statute, made incidents to the divorce; and that upon the making of a decree for a divorce full power is given for the custody, care, and maintenance of children. This view finds support in the following authority:

" 'On granting a divorce, it is the duty of the court to protect the interest of the State by providing for the custody and support of the children; and this may be done although neither party has prayed for such relief.' 9 Am. & Eng. Enc. Law (2d Ed.), p. 866; citing the following authorities: *Ex parte Gordan,* 95 Cal. 374 (30 Pac. 561); *Zuver* v. *Zuver,* 36 Iowa, 190; *In re Morgan,* 117 Mo. 249 (21 S. W. 1122, 22 S. W. 913); *Snover* v. *Snover,* 10 N. J. Eq. 261; *Parker* y. *Parker,* 8 Ohio Cir. Ct. R. 363.

"An examination of the above-cited cases shows that they fully sustain the position claimed for them in the citation. See, also, 14 Cyc. p. 804, and cases cited."

See *Seibly* v. *Ingham Circuit Judge,* 105 Mich. 584; *Herman* v. *Wayne Circuit Judge,* 236 Mich. 604.

It is said the petition for attachment above referred to was sworn to before George W. Barrus who signed as a notary but failed to set forth a notarial expiration date. At most, this would be but a mere irregularity. When he signed as notary the presumption is that he was such and the public records so show.

It is further objected that the summons was not served on the prosecuting attorney. We do not know what notice was given to the prosecuting attorney, but the record discloses that he took the action required by the statute and that the trial judge followed his recommendations.

It is said in defendant's brief:

"The writ of attachment was signed by the judge issuing same. No other testing, signature, subscription or indorsement appeared thereon."

The writ of attachment does not appear in the printed record but the original in the files shows that it was signed by the presiding judge, by the clerk of the court, by the friend of the court, and that the court's seal was impressed thereon.

It is further urged that defendant was committed for being in default in the sum of $1,720, although the record discloses a complete absence of any sworn verbal testimony, affidavit or certificate showing defendant to be in default to that extent. We have already quoted some of the language in the order of commitment by which it is made to appear that defendant appeared in court and was examined under oath, after which the court found that he was of sufficient ability and had "failed and neglected to comply with the decree of this court" and had "failed to purge himself of the contempt charged."

Defendant knew whether he had paid the money the decree required of him and was doubtless examined as to what he had or had not done. It does not appear in the record of the case or in either of the briefs filed by appellant's counsel that he ever paid or offered to pay any amount of money to the clerk as required by the decree.

We do not find that the remaining questions raised merit discussion, and discover no legal or equitable reason for disturbing the determination of the trial court.

The decree and order of commitment are affirmed, with costs to the appellee.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.