WEST *v.* WEST.

1. DIVORCE—PROPERTY SETTLEMENT BINDING IN ABSENCE OF FRAUD. In Michigan, husband and wife, during the pendency of a suit for divorce, may agree upon a property settlement, and, in the absence of fraud, duress, or mutual mistake, be bound thereby.

[1]Contracts, 13 C. J. § 406; Divorce, 19 C. J. § 787.

2. SAME—PARENTS MAY NOT BY AGREEMENT DEPRIVE COURT OF POWER TO MAKE PROVISION FOR MAINTENANCE OF MINOR CHILD.
   Parents of a minor child requiring maintenance may not, by any agreement, take from the court the power, in case of divorce, to decree maintenance of the child.

3. SAME—ALIMONY—STATUTORY PROVISIONS FOR ALIMONY.
   In Michigan, divorce rests upon statutory provisions, and the statute allows the awarding of alimony to the wife upon dissolution of the marriage.

4. SAME—MAINTENANCE OF CHILD COMMON-LAW OBLIGATION ENFORCEABLE IN DIVORCE DECREE.
   The maintenance of a child is a common-law obligation resting upon the father and enforced, in a divorce decree, under power conferred by statute (3 Comp. Laws 1915, § 11407).

5. SAME — ALIMONY SUBSTITUTE FOR COMMON-LAW RIGHT OF MARITAL SUPPORT—SUPPORT OF CHILD NOT A SUBSTITUTE BUT ENFORCEMENT OF COMMON-LAW OBLIGATION.
   Alimony is a substitute for the common-law right of marital support, while care and maintenance for a minor child, provided for in a divorce decree, is not a substitute for the common-law obligation of the father to support his child, but an enforcement thereof in case of divorce.

6. SAME—ALIMONY NOT AWARDED UNLESS PRAYED FOR.
   Alimony cannot be decreed unless prayed for, and notice of such prayer given in an underwriting on the summons (Circuit Court Rule No. 19).

7. SAME—FAILURE TO ASK FOR CUSTODY OF CHILD DOES NOT DEPRIVE COURT OF POWER TO DECREE MAINTENANCE.
   Failure to state in the underwriting whether custody of minor children is prayed, as required by Circuit Court Rule No. 19, does not deprive the court of power to decree maintenance of minor children, because the statute constitutes such children special wards of the court and makes it the duty of the court to safeguard their interests.

8. SAME—COURT HAS CONTINUING POWER TO PROVIDE FOR MAINTENANCE OF CHILD.
   Failure to provide in a divorce decree for the mainte-

²Divorce, 19 C. J. § 815 (Anno); 48 L. R. A. (N. S.) 428; 9 R. C. L. 484 et seq.; 6 R. C. L. Supp. 557; ³Id., 19 C. J. § 566; ⁴Id., 19 C. J. § 815 (Anno); ⁵Id., 19 C. J. §§ 496, 815 (Anno); ⁶Id., 19 C. J. §§ 647, 659; ⁷Id., 19 C. J. § 791 (Anno); ⁸Id., 19 C. J. § 818.

nance of a minor child does not prevent the court from afterwards, on the petition of one of the parents, making the provision, since 3 Comp. Laws 1915, § 11408, gives the court continuing supervision over the subject of maintenance of minor children.

9. SAME—POWER OF COURT TO PROVIDE FOR MAINTENANCE OF CHILD OMITTED IN DECREE DOES NOT DEPEND ON CHANGED CONDITIONS.
Power of the court to afterwards provide for the maintenance of a minor child, where such provision was omitted from the divorce decree, does not depend upon the change of circumstances following the decree, but upon the circumstances of the parents and the welfare of the child.

10. SAME—COURT HAS POWER TO PROVIDE FOR MAINTENANCE OF CHILD NOTWITHSTANDING AGREEMENT OF PARENTS TO CONTRARY.
On petition of a divorced wife, the court has jurisdiction to make an order that the husband pay to her a certain sum per week for the support and maintenance of a minor son whose custody was awarded to her, notwithstanding she agreed to take a lump sum and release him from the payment of further sums for the support and maintenance of herself and son, which was paid, and no provision for maintenance of the son was made in the divorce decree.

11. SAME—APPEAL AND ERROR—ORDER FOR MAINTENANCE OF MINOR SON MODIFIED.
On appeal, the order of the court below that the divorced husband pay to the former wife $10 per week for the support and maintenance of a minor son, is reduced to $5 per week, under the circumstances shown, including the earning power of the husband, who in the meantime has remarried.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 3, 1928.   (Docket No. 5.)   Decided February 14, 1928.

Bill by Irene West against George A. West for a divorce: On petition of plaintiff for modification of the decree respecting maintenance of a minor child. From an order granting the petition, defendant appeals. Modified and affirmed.

[9]Divorce, 19 C. J. § 818; [10]Id., 19 C. J. § 815 (Anno); [11]Id., 19 C. J. § 817 (Anno).

*Louis E. Burke,* for plaintiff.

*Thomas, Shields & Silsbee* (*Clayton F. Jennings,* of counsel), for defendant.

WIEST, J.    In June, 1924, plaintiff filed a bill for divorce against defendant in the Washtenaw circuit. Defendant appeared.    February 11, 1925, the parties entered into a property settlement, in which plaintiff agreed to accept the sum of $1,250 and forever release defendant "from any and all claims of support and maintenance of myself and my minor child, Joseph West."    February 19, 1925, plaintiff was granted a divorce from the bonds of matrimony, awarded the care, custody, and maintenance of the child and granted the sum of $1 in lieu of dower.    At the foot of the decree the circuit judge wrote:    "The question of support for the minor child has not come before the court as yet."    Defendant borrowed the $1,250 and paid his wife in accordance with the agreement of February 11, 1925, and, believing himself free from all marital and paternal obligations, contracted another marriage a few weeks after the divorce decree.    At the time of the decree the child was about seven years of age and since that time he has been with and supported by plaintiff.    Plaintiff also had the household furniture, some of which she has sold.

October 26, 1926, plaintiff filed a petition asking the court to require defendant to maintain the child, claiming that, on account of her ill health, the expense of operations and inability to work and earn money and the expense of maintaining the child, she had expended nearly all the money received from defendant and the sale of furniture.    Defendant was notified, and, under special appearance, moved dismissal of the petition for want of jurisdiction of the subject-matter.    This motion was denied.    Defendant then answered and averred that he had been unable to repay the $1,250

he had borrowed and paid to plaintiff; that he had remarried and had to purchase new furniture and all he then had was an equity of $100 in a home he was purchasing on contract; that he was earning $40 per week as a tool maker and offered to take the child. At the hearing the needs of the child were made to appear and the pregnancy of defendant's second wife disclosed. The court, by decree, required defendant to pay $10 per week for the maintenance of his child.

Defendant appealed and claims:

"(1) The circuit court was without jurisdiction to modify the decree so as to provide for alimony since the original decree of divorce did not provide for the payment of alimony.

"(2) That the plaintiff made no showing of such change of circumstances as to justify a modification of the original decree.

"(3) The custody of the minor child should have been granted to the defendant as prayed for in his answer to the petition.

"(4) The alimony granted in the modified decree for the support of the minor child is unreasonable and improper in amount."

Defendant also relies upon the reasons alleged in his motion to dismiss.

If maintenance of a minor child is alimony then there is some force in the second point. But if alimony is one thing and maintenance of a minor child distinctly another there is no merit in points 1 and 2. There is to be found in some opinions and statutes rather loose expressions upon the meaning of alimony, and we take this occasion, under call to do so, to point out the distinction between alimony and maintenance of a minor child.

In this State, husband and wife, during the pendency of a suit for divorce, may agree upon a property settlement, and, in the absence of fraud, duress, or mutual mistake, be bound thereby. But as parents of a minor

child requiring maintenance, husband and wife cannot, by any agreement, take from the court the power, in case of divorce, to decree maintenance of the child. Divorce in this jurisdiction rests upon statutory provisions, and the statute allows the awarding of alimony to the wife upon dissolution of the marriage. The awarding of alimony is a statutory power; the maintenance of a child is a common-law obligation resting upon the father and enforced, in a divorce decree, under power conferred by statute. Alimony is the substitute for the common-law right of marital support. Care and maintenance for the minor child is not a substitute for the common-law obligation of the father to support his child but an enforcement thereof in case of divorce. Defendant, as father of the child, is under common-law obligation to support his child. The divorce statute relative to the custody and maintenance of children of the parties is in recognition of the common-law obligation resting upon the father and leaves it to the court to prescribe the amount to be paid by the father for such purpose. The purpose is to assure support of the child, and, as long as the need exists, the obligation and power remain. Maintenance of a child is in no sense alimony, for alimony is a matter between husband and wife, while maintenance of a child rests upon the paternal relation. So solicitous is the law for the welfare of the child that the decree for such support survives the death of the father and may be amended to give the provision for the child's maintenance the effect of a lien upon the estate with priority over rights of the widow and heirs. *Creyts* v. *Creyts*, 143 Mich. 375 (114 Am. St. Rep. 656). Alimony proceeds from the husband to the wife; maintenance allowance for a minor child proceeds from the father for the use and benefit of the child.

In *Spain* v. *Spain*, 177 Iowa, 249 (158 N. W. 529,

L. R. A. 1917D, 319, Ann. Cas. 1918E, 1225), a divorce was granted the wife and she was given the custody of the child and nothing said in the decree about alimony or maintenance of the child. After the husband remarried the divorced wife asked to have the decree modified so as to award her alimony and maintenance money for the child. The court held there was no jurisdiction to award her alimony, because the decree, in not giving her alimony, was to be taken as a denial of alimony, and, therefore, there was nothing to modify in that respect, but pointed out the distinction between alimony and maintenance of a child and held that the divorce did not relieve the father from supporting his child, and, though no provision for such support was in the decree, a subsequent application by the mother to modify the decree would be entertained, and decreed maintenance of the child.

The statute (3 Comp. Laws 1915, § 11407) provides:

"Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain."

Here is a clear recognition of maintenance of minor children wholly apart from alimony. Alimony cannot be decreed unless prayed for and notice of such prayer given in an underwriting on the summons. Circuit Court Rule No. 19. The rule also requires the underwriting to state whether custody of children is prayed, and, while this should be done, we have held that failure to do so does not deprive the court of power to decree maintenance of minor children. This is because the statute constitutes such children special wards of the court and makes it the duty of the court

to safeguard their interests.   In re Austin's Estate, 173 Mich. 47 (Ann. Cas. 1914D, 749); Herman v. Wayne Circuit Judge, 236 Mich. 604; Johnson v. Johnson, 237 Mich. 563.

In the Austin Case, supra, we said:

"It is also well to bear in mind that distinction has been made by this court between alimony, strictly so called, and allowances for the maintenance of minor children;" citing Brown v. Brown, 135 Mich. 141; Pingree v. Pingree, 170 Mich. 36.

Failure to provide in the decree for maintenance of a minor child does not prevent the court from afterwards, on the petition of one of the parents, making the proper provision.   3 Comp. Laws 1915, § 11408, gives continuing supervision over the subject of maintenance of minor children.   It reads:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children, shall require."

This means that children must be cared for, and the court, in a decree for divorce or upon the foot of such decree, when moved by either parent to do so, may reform the decree to accord with the welfare of the child  within  the  means and ability of the father. When the decree for divorce omits to provide maintenance for a minor child, the power to so provide is not lost but only in abeyance, and, when the power in such case is invoked, its exercise does not depend upon the change of circumstances following the decree, but upon the circumstances of the parents and the welfare of the child.

A casual reading of 3 Comp. Laws 1915, § 11414, might lead to the impression that the legislature recog-

nized no distinction between alimony and a provision for the maintenance of minor children, but such impression departs upon consideration of other provisions with reference to alimony and maintenance of minor children, for therein the legislature has clearly recognized the distinction.

The court had jurisdiction to make the decree appealed from. We think, however, from a consideration of all of the circumstances, inclusive of the earning power of defendant, his obligations and needs and ability to pay, that the maintenance order should be reduced to $5 per week.

So modified, the decree in the circuit is affirmed, but without costs to either party.

NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.